### 945.  SHAW *v.* THE STATE.

1. To relieve one who, in a prohibition county, has accepted money, and shortly afterwards has delivered whisky or other intoxicating liquor to another in return therefor, from the presumption that he is the seller, the fact of his agency for the buyer and of his lack of complicity in the selling must be shown. Where the evidence for the State shows that one who is accused of unlawfully selling intoxicating liquor was the agent of the buyer to bring the whisky from a designated person disclosed in the evidence, a verdict of guilty is unauthorized.
2. The evidence in this case totally failing to show that the accused either sold or solicited orders for the sale of whisky, the verdict of guilty was, for lack of evidence, contrary to law.

Accusation of selling liquor, from city court of Dalton—Judge Longley.   December 21, 1907.

Submitted February 3,—Decided February 11, 1908.

*George G. Glenn,* for plaintiff in error.

*Samuel P. Maddox, solicitor-general,* contra.

RUSSELL, J.   The defendant was convicted of selling intoxicating liquor in violation of the law.   His motion for new trial was overruled.   The exception taken is that the verdict is contrary to law, because it is without evidence to support it.   The position taken by counsel for the State is that the defendant was shown to be guilty, because, in a prohibition county, where one receives money and shortly thereafter delivers whisky to the party from whom the money was received, the onus is placed on the defendant of explaining where, how, and from whom he got the liquor. The cases of *Grant* v. *State,* 87 *Ga.* 265 (13 S. E. 554), *White* v. *State,* 93 *Ga.* 47 (19 S. E. 49), and *Mack* v. *State,* 116 *Ga.* 546 (42 S. E. 776), are cited in support of this position.   The case of *Paschal* v. *State,* 84 *Ga.* 326 (10 S. E. 821), might also have been cited, as well as other authorities upon the same point.   It is settled that where there has apparently been a sale of intoxicating liquor in violation of law, the real seller, if there be any other be-

sides the person who took the money, can be more easily disclosed by that person than by any one else; and for this reason the rule of evidence announced in the cases above cited is sound. But this rule does not apply where the actual seller is a person other than the accused. In such a case there has been simply a failure on the part of the State to make out its case.

The entire testimony on the part of the State in this case is as follows. Tom Nations testified: "It happened this way: I never bought any whisky from Fred. I had bought whisky before from Alex, who lived in a little house just across the street from the livery stable. He (Alex) told me that when I wanted whisky, for me not to come after it, but that I must send some one else for it, his reason being that they would catch up with us about it. That was what Alex told me to do. On the day that I got the whisky I was down at Mr. Tom Bryant's livery stable. Several of us were together. I gave Fred the money and told him to go to Alex and get the whisky for me. I gave him the money before he left. He was gone about five or ten minutes, when he came back and handed the whisky to me. That's all there is about it. This was in Whitfield county." It was incumbent upon the State to make out its case, and in the present instance all that ap-- pears is that the State's witness, under a previous arrangement with a person designated as "Alex," to get the whisky, procured it. So far as appears from the evidence and all reasonable deductions and inferences from it, the defendant did exactly as he was told to do; and being told by the buyer who to get it from (and the buyer had purchased several times before from "Alex"), the defendant was the declared agent of the buyer, and not the seller, and the real seller was disclosed by the State's own testimony. This case, upon its facts, is controlled by the decisions in *Cunningham* v. *State,* 105 *Ga.* 676 (31 S. E. 585), and *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641).                    *Judgment reversed.*