2039.  COHEN *v.* THE STATE.  2040.  LOEB *v.* THE STATE.

HILL, C. J. 1. The prohibition statute (Acts 1907, p. 81) declares that it shall not be lawful for any person to keep on hand at his place of business any intoxicating liquor. The criminal act is the keeping on hand, and it is wholly immaterial for what purpose the intoxicating liquor is there kept on hand. Consequently, an accusation which charged that the defendant, on a day named, "did keep on hand at his place of business intoxicating liquor" was good in form and in substance; and on the trial any evidence as to the defendant's purpose in keeping the intoxicating liquor on hand at his place of business was properly excluded as irrelevant and immaterial.

2. Evidence obtained by search of the defendant's premises is admissible against him, although the search is made and the evidence is procured under a search warrant illegally issued, or even without color of legal authority. *Hammock* v. *State*, 1 *Ga. App.* 126 (58 S. E. 66); *Williams* v. *State*, 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269); *Duren* v. *Thomasville*, 125 *Ga.* 1 (53 S. E. 814).

3. A motion made by the defendant, at the conclusion of the evidence, to direct a verdict in his favor, because the statute on which the accusation was based was, for reasons stated, violative of the constitution, was properly overruled; and exceptions to the judgment overruling the motion present to this court no constitutional question in proper form for certification to the Supreme Court. Demurrer, or motion to quash the accusation, was the proper procedure; not motion to direct a verdict.

4. The evidence demanded the verdict, and any error of law was immaterial.

*Judgment affirmed, Russell, J., dissenting.*

Certiorari; from Fulton superior court—Judge Pendleton. July 7, 1909.

Argued October 4,—Decided November 9, 1909.

*F. M. Hughes, Morris Macks,* for plaintiffs in error.

*C. D. Hill, solicitor-general. Lowry Arnold, solicitor, D. K. Johnston,* contra.

RUSSELL, J., dissenting. In the *Loeb* case I concur in the judgment of affirmance. So far as the headnotes relating to the *Cohen* case go, I do not dissent from any of the propositions stated. I am of the opinion, however, that on the trial of one charged with keeping liquor on hand at his place of business, evidence of the defendant's purpose in the keeping may illustrate whether he was guilty of keeping it *on hand* or not. In other words, I think there is a material difference between a temporary *keeping* of any object of merchandise and the *keeping on hand* of such an object. Criminal statutes are to be strictly construed, and it is not to be inferred that the words "on hand" were inserted by the General Assembly without a purpose, and that they convey no additional meaning to that implied by the word "keep." Therefore, when the trial judge ruled that if the defendant *kept* intoxicating liquor at his place of business (no matter how short might have been the time of the keeping, or the purpose), he would be guilty of keeping on hand, I think that he committed error which tended to prejudice the defendant's case and perhaps exclude evidence to which he was entitled. It is true that if one keeps intoxicating liquor on hand, the purpose for which it is kept on hand is immaterial. But it does not follow that where it happens that intoxicating liquor is found at one's place of business, he may not show that he is not keeping it on hand,—in other words, that the case is one of a mere temporary deposit.

In the present case, the defense that Cohen had the intoxicating liquor at his place of business merely for safe-keeping until the night of his daughter's wedding might not appeal to me personally, sufficiently to convince me that the liquor was not illegally kept on hand; but intention must always be an essential element of crime, under the provisions of §31 of the Penal Code; and a jury might have been authorized to believe that while the liquor was *kept* for safe-keeping, it was not kept *on hand* at Cohen's place of business. To my mind the words "on hand" import a continuous keeping for

the purpose of convenient use at the place of business under consideration,—a use of the same general character as that of other objects kept at the place of business,—a use ancillary to the business.   But I do not conceive that one who temporarily keeps the wines of his neighbor whose near-by dwelling-house has been destroyed by fire, until this neighbor can rent another house and remove to it, although he keeps them in a spirit of neighborly kindness for that temporary purpose, would be guilty of keeping wines on hand at his place of business.   The words "to keep on hand" have a general meaning, when used in connection with a place of business or a stock of goods, which is well understood, and I think they should be given their ordinary significance; and therefore, while I agree with my brethren that where it has been shown that intoxicating liquor has been "kept on hand," it can not be made to appear that it was kept on hand for any legal purpose, I do not think that proof that intoxicating liquor was kept raises the presumption that it was "kept on hand."   And even if such a presumption were raised, it seems to me that it would be competent for the defendant to rebut the presumption by showing that, though the intoxicating liquor was found in his place of business, it had been placed there only for a brief time, for safety, while in transit to some other place.   In view of the ruling of the trial judge upon this point, I feel constrained to dissent from the judgment in Cohen's case.