[Crim. No. 144. Second Appellate District.—March 8, 1910.]

## THE PEOPLE, Respondent, v. LEE B. WARREN, Appellant.

Criminal Law—Grand Larceny—Evidence—Confession—Voluntariness—Conflicting Evidence—Conclusive Ruling.—Upon a trial for grand larceny, where evidence of a confession was admitted, which defendant testified was given under a promise of immunity, and to dismiss the case against him, while the officers to whom the confession was made denied the truth of such evidence, and testified that the confession was voluntary, the ruling of the court in admitting the confession upon such sharp conflict in evidence as to its voluntariness must be deemed as conclusive as any decision upon a disputed question of fact.

Id.—Diamonds Stolen—Investigation by Chief of Police—Statement to Defendant Before Arrest—Immunity Not Promised.— Where diamonds of the prosecuting witness were stolen from a bathhouse, where they had been left in charge of the cashier, and the chief of police, while investigating the matter, before defendant's arrest, stated to him: "I am satisfied that you know exactly where the diamonds are, and come through and tell me where they are; the game is young"—such statement cannot be construed as a promise of immunity.

Id.—Evidence—Letter Written to Accomplice—Voluntary Surrender.—A letter written by the defendant to an accomplice, the contents of which strongly tended to prove him guilty, and which there was evidence tending to show was voluntarily surrendered by the defendant, was properly admitted in evidence over his objection that it was procured by strategy and fraud.

ID.—SUBJECTS OF EVIDENCE ILLEGALLY TAKEN—ADMISSIBILITY.—Though
papers and other subjects of evidence were illegally taken from the
possession of the party against whom they are offered, or are other-
wise unlawfully obtained, this is no objection to their admissibil-
ity, if they are pertinent to the issue.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

George M. Harker, and Ezra Williams, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy
Attorney General, for Respondent.

SHAW, J.—Defendant prosecutes this appeal from an or-
der denying his motion for a new trial and from a judgment
pronounced against him upon conviction of the crime of
grand larceny.

The chief ground, and indeed the only one worthy of con-
sideration, upon which appellant bases his contention for a
reversal is that the admission in evidence of defendant's con-
fession over his objection constituted prejudicial error. Ap-
pellant claims that the confession was not made voluntarily,
but that he was induced to make it by reason of the chief
of police and another officer assuring him (together with
other promises which, if made, were sufficient to render the
confession inadmissible) that if the valuables stolen were
returned and he would "tell the whole business," the prose-
cution would be dropped and the case dismissed. Not only
did these officers deny making the several statements and rep-
resentations attributed to them by defendant, and upon the
strength of which he claims to have made the confession, but
they denied using any language of like import. It thus ap-
pears there is a sharp conflict in the testimony of the wit-
nesses upon a question of fact, as to which, like any other
disputed fact, the finding of the trial court must be deemed
conclusive.

Upon discovering that her diamonds had been stolen from
the box wherein they were placed, which box was deposited

in the custody of the cashier of the bathhouse where she went in bathing, the owner applied to the chief of police to assist her in their recovery. During his investigation of the circumstances connected with the commission of the crime, and before defendant was arrested, the chief of police said to him: "I am satisfied that you know exactly where the diamonds are, and come through and tell me where they are; the game is young." We are unable to perceive how this language could be construed as a promise of immunity. The words, "the game is young," have no secret or hidden meaning. The police officer was engaged in an effort to recover the stolen goods, and being satisfied that defendant was cognizant of the theft, requested that he tell of their whereabouts, thus relieving the officer from the duty of a further search. The cases of *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323], and *People* v. *Thompson,* 84 Cal. 598, [24 Pac. 384], have no bearing upon the question. In the former case, the defendant's admission was excluded from evidence because it was obtained by duress, while in the latter the defendant was induced to confess by reason of the sheriff telling him, in response to an inquiry, it would be better for him to make a full disclosure. In the case at bar it is significant that the confession was not made until several days after the alleged promise of immunity and after the officer had recovered possession of the stolen property and obtained further evidence of defendant's guilt. The direct evidence of the officers contradicting the testimony of defendant, as well as the inferences fairly deducible from circumstances, the existence of which was conclusively shown by the evidence, or admitted by defendant, fully justified the court in holding the confession to have been made voluntarily and without promise of any kind whatsoever.

While in jail defendant wrote a letter to one who had been his accomplice in the commission of the crime. The contents of this letter strongly tended to prove defendant's guilt. It was received in evidence over defendant's objection that it was procured by strategy and fraud. In the recent case of *People* v. *Swaile, ante,* p. 192, [107 Pac. 134], this court, in discussing an objection of like character, said: "Though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they

are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue. (1 Greenleaf on Evidence, 16th ed., sec. 254a.)" Moreover, there was evidence tending to prove that defendant's surrender of the letter was voluntary.

Other points urged by appellant are deserving of no consideration, other than to say that they are wholly without merit.

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.