2660. DAVIS *v.* THE STATE.

No error of law is complained of, and there is some evidence to support the verdict.

Accusation of misdemeanor; from city court of Columbus— Judge Tigner. April 23, 1910.

Submitted June 1,—Decided June 14, 1910.

*Ed. Wohlwender,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.

HILL, C. J. Davis was tried on an accusation charging him, in two counts, with a violation of the prohibition law. In the first count he is charged with keeping on hand, at his place of business, alcoholic, malt, spirituous, and intoxicating liquors, to wit, whisky; and in the second count he is charged with selling intoxicating liquors. The jury convicted him on the first count. His motion for a new trial, based on the general grounds only, was overruled, and he excepted.

The evidence for the State shows in substance that two detectives, pursuing their vocation in ferreting out offenses against the prohibition law, in Columbus, Georgia, induced a boy fourteen years of age to go into the place of business—a "near beer" saloon —of the defendant, and see if he could purchase any whisky, and they gave him the money for the purpose. Before he was sent into the saloon the detectives searched him to see if he had any whisky on his person, and found none. They followed the boy until he entered the saloon, and saw him enter and talk to the defendant. He was in the saloon about five minutes. When he came out he pulled out of his pocket a half pint of whisky. It was "Supreme Court whisky." He stated that he had gotten the whisky in the saloon. The boy testified that he did not remember buying any whisky from the defendant on the night in question, as he was drinking that night and did not remember where he had gotten his whisky, though he did remember that he got some whisky that afternoon "across

the river." About an hour after the detectives had gotten the whisky from the boy, they secured a warrant for the arrest of the defendant, and went to his place of business and made a search for intoxicating liquors, but found none there. They searched his person and found a half pint of "Kentucky Tavern" whisky in his pocket. It may be proper to state that both of the detectives swore that the boy was not drinking when they got him to go into the saloon. The defendant, in his statement to the jury, said, that he had not sold any whisky to the boy, that when the boy came into his place he refused to sell him whisky and ordered him out, telling him that he did not want any "kids" about his place, and that the boy took from the front of his waist a half-pint bottle and said, "Well, I have some anyhow," placed it in his inside coat pocket, turned around, and left the place. As to the half pint of whisky found in his own pocket, he stated that he had his porter to go out and buy it for him just a half hour before he was arrested; that he had gotten the whisky to take home to his wife, who was sick with the grippe.

It is contended that this evidence is wholly insufficient to show that the defendant was keeping on hand at his place of business intoxicating liquors. Our attention is called to the fact that the jury found him not guilty on the second count, which shows that they did not think the boy bought the half pint of "Supreme Court whisky" from the defendant in his saloon. Even conceding this, it would not follow that the verdict was not supported by the evidence. This high grade of whisky, judging from its name, the jury probably inferred had been bought by the boy from across the river in the State of Alabama, and the evidence also shows that the half pint of whisky which the defendant had on his person when arrested was a much lower grade of whisky than "Supreme Court whisky," being "Kentucky Tavern whisky." It seems from the evidence to have been a very low grade of intoxicating liquor. The conclusion as to the defendant's guilt might be placed upon the evidence as to the finding of the half pint of whisky on his person while at his place of business. The trial judge instructed the jury that "if they believed from the testimony that Davis, the defendant, had kept no whisky in his place of business other than that in his pocket, and if they believed his explanation of his possession of that, and if there was no degree of permanence attached to its pres-

ence there, and if he had it there merely in process of conveyance to his wife at home, then they should find him not guilty as to the first count." This certainly charged the law applicable to that issue as favorably to the defendant as he could have desired. *Cohen* v. *State*, 7 *Ga. App.* 5 (65 S. E. 1096). It was exclusively the province of the jury to solve this issue, and they did solve it by discrediting the statement made by the defendant. The jury had the right, under the law, to discard the defendant's statement entirely, and to believe that the defendant got this pint of whisky from his place of business. While the evidence was not strong, this court can not say that it had no probative value whatever, and the strength of the evidence was for the jury. As repeatedly held, this court can not, under the constitution, set aside a verdict on the general grounds, where there is any evidence whatever in support of it under the law applicable thereto.          *Judgment affirmed.*