# CHARLESTON.

STATE *v.* BOOKER.

Submitted 'June 9, 1909. Decided October 18, 1910.

1. CRIMINAL LAW—*Writ of Error—Reservation of Grounds.*

Objection on the ground that ample time was not allowed the prisoner to prepare his defense at the trial, cannot be made upon appeal if the record does not show the denial of a request for time.

2. SAME—*Writ of Error—Review—Evidence.*

When the record does not purport to contain all the evidence adduced at the trial, questions as to the admissibility or weight of evidence which must turn on an examination of evidence not made' a part of the record cannot be considered.

2. SEARCHES AND SEIZURES—*Criminal Law—Privilege of Accused.*

The act of intercepting a letter written by the prisoner, in the hands of a jail-keeper, and using it as evidence against him, though it be incriminating, is not a violation of the constitutional provisions against unreasonable search and against compelling one to become a witness against himself.

4. CRIMINAL LAW—*Evidence—Admissions—Silence When Charged . With Crime.*

Unrefuted evidence of silence by one when charged with a crime in his hearing by his co-indictee, though the party remaining silent be under arrest or in custody, is admissible for the consideration of the jury when the circumstances are such that an innocent man similarly situated would naturally speak in denial.

68 W. Va.

5.   SAME—*New Trial—Newly Discovered Evidence—Necessity for Diligence.*

 To warrant a new trial on the ground of after-discovered evidence, diligence to secure the evidence in the first instance must be shown.

Error to Circuit Court, Fayette County.

Sam Booker was convicted of murder and he brings error.

*Affirmed.*

*John T. Simms,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

ROBINSON, PRESIDENT:

The record shows no motion for a continuance. The affidavit that such motion was made can not supply the record. Nor does the record show that the prisoner was denied ample time in which to prepare his defense. Therefore, the assignment of error in these particulars is groundless.

We can not say that the court erred in admitting the pistol and bullet in evidence. The testimony of only one of the witnesses has been certified and made a part of the record. So it is not disclosed that the pistol and bullet were not identified as having been connected with the prisoner.

The admission in evidence of the letter written by the prisoner to his mother, and which was intercepted in the hands of the jail-keeper, was not error. It appears that after the court sustained an objection to the introduction of this letter the objection was withdrawn by the prisoner's counsel and the letter then read to the jury. In any event, the letter was admissible if material. It contains nothing incriminating and we regard it as immaterial. No prejudice could come to the prisoner by its admission because of its very immateriality. The act of taking the letter from the prisoner and using it as evidence against him, even if it had been incriminating, would not have been a violation of the constitutional provisions against unreasonable search and against compelling one in a criminal case to be a witness against himself, as is so insistently argued. These provisions do not relate to such an instance. 3 Wigmore on Evidence, section 2264.

Undenied evidence of the prisoner's silence when accused of

the crime in his hearing by his co-indictee was admissible. The fact that he was under arrest or in custody at the time is not of itself excuse for his failure to speak in denial. *State* v. *Belknap,* 39 W. Va. 427; 2 Wigmore on Evidence, sections 1071-1072; 2 Enc. L. & P., 40-42. The circumstances shown were such as called upon him to deny or to have his silence taken as an admission against him. He does not refute these circumstances. An innocent man similarly situated would naturally deny the imputed guilt or make explanation of the statements made against him. Of course the weight of this evidence was primarily a matter for the jury. Alone, it may be insufficient to convict. But as the case comes to us how can we say that the prisoner was convicted of murder solely by evidence of his admission of the charge by silence and set aside the verdict and judgment because of the alleged insufficient weight of evidence? Since the record does not purport to contain all the evidence adduced at the trial, we must presume that the whole of it was sufficient to convict.

The motion for a new trial on the ground of newly discovered evidence was properly overruled. *State* v. *Stowers,* 66 W. Va. 198.

An affirmance of the judgment of the criminal court will be ordered.

*Affirmed.*