### PEOPLE *v.* ALDORFER.

1. INTOXICATING LIQUORS—CRIMINAL LAW—SEARCHES AND SEIZURES—WARRANT—EVIDENCE.

   In a prosecution for keeping a place where intoxicating liquors were sold in violation of the local-option law, evidence of liquors, implements and furniture found by the sheriff at the respondent's store, was admissible whether or not the proceedings taken were regular under the search and seizure act (Act No. 107, Pub. Acts 1909).

2. CRIMINAL LAW—TRIAL—CONDUCT OF JUDGE AND PROSECUTOR.
   On the trial of respondent convicted of violating the local-option law, it was not prejudicial for the prosecutor to demand in open court that respondent produce a Federal revenue receipt, shown to have been in respondent's possession and later admitted by respondent to have been procured by him.

3. INTOXICATING LIQUORS—EVIDENCE—EXPERT AND OPINION TESTIMONY—CHEMICAL ANALYSIS.

> Testimony of a chemist who analyzed liquors found in respondent's place of business was admissible and material, although the analysis was not made under the authority of the court which issued the search warrant.

4. SAME.

> And it was not error to refuse to strike out testimony that beer was received at the local freight office for respondent, in connection with the bills of lading, with evidence that the freight agent had orders to deliver respondent's freight to certain drivers, and with testimony of one driver that he delivered one consignment of beer to respondent.

Exceptions before sentence from Emmet; Shepherd, J. Submitted January 20, 1911. (Docket No. 178.) Decided March 13, 1911.

Levi B. Aldorfer was convicted of unlawfully keeping a place for the sale of intoxicating liquors in a county that had prohibited the liquor traffic. Affirmed.

*Wade B. Smith*, for the people.

*Halstead & Halstead* and *M. F. Guinon*, for defendant.

McALVAY, J. Respondent was prosecuted before the circuit court for Emmet county upon an information charging him with having—

"In the village of Harbor Springs in said county kept a place where intoxicating liquors were sold, stored for sale and furnished; he not being a druggist nor registered pharmacist, contrary to law, etc."

The charge being set forth in due form in violation of what is known as the local-option law committed in the county of Emmet between May 1, 1909, and October 14, 1909, where said law was in force. A trial resulted in a verdict of guilty. The case is before this court upon exceptions before sentence.

The facts disclosed by the record are that respondent and one Pratt, after May 1, 1909, when the local-option law went into effect, conducted in the place charged a soft drink, cigar, and tobacco store; that the sheriff, who went to the place with a search warrant, found and took away 50 to 60 bottles of beer and several gallons of whisky in a jug; that under his direction he caused an analysis of these liquids to be made. It was found that they contained alcohol; the beer 4 per cent., and the whisky 37.9 per cent. There was testimony tending to show that intoxicating liquor, during the time charged, had been sold at this place. There was evidence tending to show that deliveries of barrels of bottled beer consigned to respondent, to his partner, Pratt, and to the firm, had been delivered at this place of business. Also a consignment to respondent under his name spelled backwards, and one of whisky to his partner under his name spelled backwards. The sheriff testified that he saw a receipt of the United States internal revenue in this place of business and gave oral testimony of its contents, that it issued to Aldorfer and Pratt from July 1, 1909, to June 30, 1910, for the sum of $25. Errors assigned will be considered in the order presented by respondent's brief.

1. Errors pertaining to the search warrant: It is insisted that the court was in error in allowing the sheriff to testify as to what he found under a search warrant which he had returned, and in refusing to dismiss the suit because it was founded upon the search and seizure act as jurisdictional, and the proceedings thereunder were not in evidence. The search and seizure provisions of the local-option law (Act No. 107, Pub. Acts 1909) were enacted for the purpose of procuring evidence in the prosecution of cases for the violation of that law, and for forfeiture of the things seized. The liquors, implements, furniture, etc., found by the officer and produced by him on a trial in the prosecution of a case for violation, together with his testimony as to when and where he found them, would be admissible evidence. As to those facts it

would be immaterial whether the search and seizure proceedings were regular and valid or not.   23 Cyc. pp. 250, 251; *State* v. *Burroughs,* 72 Me. 479; *Commonwealth* v. *Welsh,* 110 Mass. 359.

2. It is contended that a demand in open court by the prosecutor for the production of a revenue receipt, and the remark of the court that "unless time is asked it will be presumed that the request is refused," were prejudicial, and in violation of respondent's right not to be compelled to be a witness against himself.   Upon this question this court has already held against the contention of respondent.   *People* v. *Moore,* 155 Mich., at page 114 (118 N. W. 742).   The language of the court in that opinion leaves no doubt but that the demand of counsel and the remark of the court were not prejudicial to respondent. And in this case respondent later testified fully relative to this matter, giving his reasons for procuring such revenue receipt.

3. Proof of the chemical analysis was objected to and an exception to its introduction taken, because it was done without the authority of the court which issued the search warrant, and without authority of law.   The evidence is clear that the identical liquor seized was analyzed, and the accuracy of the analysis is not questioned.   The objection is not tenable.   The rights to the property seized and the regularity of the seizure are not before the court. The statute provides the procedure for seizure and forfeiture, and remedies are open to respondent for redress if any wrong or injury was committed by the sheriff.   This evidence was material and admissible upon this prosecution.

4. The prosecution undertook to show shipments and delivery of beer and whisky to this place of business conducted by respondent and his partner, Pratt, by the original shipping bills receipted by respondent's agent, and other evidence.   These bills were produced by the freight agent of the railroad company, who had orders from respondent to deliver his freight to R. L. Mosher, a dray-

man, and all of the shipments were receipted for either by R. L. Mosher or his drivers. His son testified that he personally delivered two barrels which were billed as beer, and receipted for them. His father was in New Mexico when the case was tried. The son testified that his father had the delivery of respondent's goods which came by rail. The receipts by the accredited agent, Mosher, at least tended to show a delivery to respondent, and the testimony of the drayman's son showed an actual delivery of one consignment. This evidence was admissible for the purpose offered. 25 Cyc. pp. 249, 250, and cases cited. The court was not in error in refusing to strike out this testimony. The verdict of the jury is supported by the evidence.

We find no error in the case.

The conviction is affirmed, and the court below directed to proceed to judgment.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.