### 3339.  BENTON *v.* THE STATE.

HILL, C. J.  1. The fact of guilt in this case does not depend entirely upon circumstantial evidence, and there was no error in the failure of the trial judge to instruct the jury as to the probative value of circumstantial evidence, as defined in the Penal Code (1910), § 1010. *Holt* v. *State,* 7 *Ga. App.* 77 (66 S. E. 279).

2. Courts judicially know that whisky, whether made out of corn or rye, will produce intoxication when drunk to excess. In this case, however,

the evidence shows that the whisky bought and drunk by one of the State's witnesses made him drunk.

3. The objections made to certain portions of the charge of the court are without merit, as the evidence showed that the accused received the money and shortly thereafter delivered the whisky to the party from whom the money was received, and this was sufficient to place upon the accused the onus of showing when, where, how, and from whom he received the liquor, and that in the transaction he was acting as agent for the purchaser, and was in nowise interested in the sale thereof. *Shaw v. State*, 3 *Ga. App.* 607 (60 S. E. 326), and cases there cited.

4. The evidence supports the verdict, and no error of law appears.

*Judgment affirmed.*

DECIDED JUNE 7, 1911.

Accusation of sale of liquor; from city court of Sylvester—Judge Williamson. March 17, 1911.

*Mark Tison, J. J. Forehand & Son,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.