## 3827. LANDRETH v. THE STATE.

No error of law is complained of, and the verdict is strongly supported by the evidence.

DECIDED JANUARY 15, 1912.

Accusation of misdemeanor; from city court of LaGrange—Judge Harwell. October 7, 1911.

*M. U. Mooty,* for plaintiff in error.
*Henry Reeves, solicitor,* contra.

HILL, C. J.   The plaintiff in error was convicted of a violation of the prohibition law in keeping on hand at his place of business intoxicating liquor, and, his motion for a new trial being overruled, he brings the case here solely on the general grounds.

On Sunday morning a policeman of the city of LaGrange saw the accused enter his place of business, and in a few minutes thereafter a negro also entered. The officer went into the store and told the accused that he had a search warrant for whisky that he believed was in the store, and the accused thereupon took from a thread case four pints of whisky—two of rye and two of corn—and handed them to the officer. The policeman testified that the accused appeared to be coming out of the store just as he, the policeman, entered. The accused explained the possession of the whisky by stating that his wife was sick, and that he had gotten the whisky that morning from two negroes, and had come by the store for the purpose of getting some money to pay for medicine which he intended to procure for his wife. The ingenious counsel for the plaintiff in error suggests to this court two reasons why he thinks the verdict was contrary to law. First, he says that there was no keeping *on hand* of the whisky at the defendant's place of business, and the whisky was temporarily in the place of business while in transit to the defendant's sick wife; and secondly, that the storehouse was not the place of business of the defendant on Sunday, as on that day it was closed to public access.

The first point assumes that the accused told the truth in his statement, in accounting for the presence of the whisky at his storehouse. The jury probably did not give faith to this statement; and, in view of the circumstances, there was some ground for this incredulity. If the whisky was simply in transit, only waiting a few minutes for the accused to get the money, it is somewhat singular that he should have placed it in the thread case, and should have been leaving the store when the officer entered. It is more reasonable to believe that if his statement was the truth, he would have made some temporary deposit while he got the money, and would have taken the whisky with him when he left the store. In other words, there was no evidence that the whisky was simply in transit, but there were circumstances that justified the jury in believing that the whisky was kept on hand at the place of business. The majority of this court, in *Cohen* v. *State, 7 Ga. App.* 6 (65

S. E. 1096), held that a mere temporary keeping of whisky at a place of business was a violation of this part of the statute.

The second point urged by counsel also depends upon the statement of the accused. The jury, under the evidence, could very well have found that the whisky, although discovered in the store on Sunday, was probably there on Saturday, and would probably be there on Monday. Irrespective, however, of this question, we do not subscribe to the logic of the proposition that a man's place of business ceases to be a place of business on Sunday. We are inclined to the opinion that it remains his place of business on Sunday, although the law prohibits him from transacting his business there on that day. We are clear that the evidence fully supports the verdict, and that the judgment should be affirmed.

*Judgment affirmed.*