## 4185. McGOVERN *v.* THE STATE.

POTTLE, J.   1. On the trial of one for the illegal sale of intoxicating
   liquors, it is not error to refuse to permit a witness, to whom the sale
   is alleged to have been made, to testify that when he applied to the
   accused for the purchase of the whisky, and gave him the money for it,
   the latter stated that he did not have whisky himself, but hoped he could
   obtain it from another person. Such a statement is a mere self-serving
   declaration, and can not be used to rebut the inference of guilt arising
   from proof of reception of the purchase-price and delivery of the whisky.
2. On such a trial it was not error to admit testimony of the agent of a
   common carrier, that a certain barrel shipped to the accused "was billed
   whisky in flasks; it appeared so on the barrel," over the objection that
   there was higher and better evidence of the fact.
3. Proof of reception, by the accused, of `the purchase-price and delivery
   of intoxicating liquor makes a prima facie case of guilt, and casts upon
   him the burden of showing that he was not interested in the sale, re-
   ceived no benefit therefrom, and acted solely as agent for the buyer.
   While it is inaccurate to charge that when one delivers whisky and
   receives the money "he becomes the seller," such an instruction will not
   require a new trial, when, from the whole charge, it is manifest that
   the correct rule was given, and that the jury were not misled.
4. A charge that one who receives money, and in consideration thereof
   delivers whisky, must, in order to exculpate himself, show that "he
   had no interest in the transaction in any way," is not technically accu-

rate, but when, in the same connection, the jury are instructed that if the accused acted solely as agent for the buyer, he would not be guilty, the language above quoted is not misleading, and the instruction does not constitute any reason for granting a new trial.

5. In view of the charge as a whole, the following instruction is not cause for a new trial: "You are to look to the facts and circumstances, and to the transactions surrounding this case, as brought out by the testimony, and say whether or not you believe the defendant was in any way connected with the sale of liquor, either for himself or for others, directly or indirectly."

6. The evidence fully supports the conviction.

*Judgment affirmed.*

DECIDED JUNE 5, 1912.

Indictment for sale of liquor; from Coffee superior court—Judge Parker. March 16, 1912.

*J. W. Quincey, W. C. Lankford, McDonald & Willingham, W. A. Wood,* for plaintiff in error.

*Lawson Kelly, solicitor-general pro tem., Rogers & Heath,* contra.