## 4517. YOUNG v. THE STATE.

HILL, C. J. 1. It is only in those cases where the State relies entirely upon circumstantial evidence that it is incumbent upon the trial judge, without request, to instruct the jury as to the probative value of circumstantial evidence. *Holt* v. *State*, 7 *Ga. App.* 77 (66 S. E. 279); *Benton* v. *State*, 9 *Ga. App.* 422 (71 S. E. 498). The verdict in this case does not depend entirely upon such evidence.

2. The evidence obtained by an illegal search of the house of the accused is admissible against him. This has been repeatedly held by this court and the Supreme Court. *Cohen* v. *State*, 7 *Ga. App.* 5 (65 S. E. 1096); *Hammock* v. *State*, 1 *Ga. App.* 126 (58 S. E. 66); *Williams* v. *State*, 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269); *Duren* v. *Thomasville*, 125 *Ga.* 1 (53 S. E. 84).

3. The assignments of error of law are wholly without merit, and the verdict is fully supported by the evidence.     *Judgment affirmed.*

DECIDED DECEMBER 21, 1912.

Accusation of sale of liquor; from city court of Ocilla—Judge Oxford. November 6, 1912.

*R. M. Bryson, McDonald & Grantham,* for plaintiff in error.

*H. J. Quincey, solicitor,* contra.