*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

## 4675. JONES *v.* THE STATE.

HILL, C. J. 1. The accused was convicted of selling intoxicating liquors.
One ground of his motion for a new trial is the alleged newly dis-
covered testimony of one witness; and, in connection with this ground,
it was shown that this witness was confined in jail under sentence for
an offense similar to that for which the accused was awaiting trial,
and for which he was subsequently indicted and convicted. Only one
witness made affidavit as to the character of the alleged newly dis-
covered witness. *Held:* There was no abuse of discretion in overruling
the motion for a new trial on this ground.

2. The sale and the manufacture of intoxicating liquors may be alleged
in one count in an indictment, and proof of either crime charged in
such count will be sufficient to support a general verdict of guilty.
*McAdams* v. *State,* 9 *Ga. App.* 166 (70 S. E. 893); *Sou. Ex Co.* v.
*State,* 1 *Ga. App.* 700 (58 S. E. 67).

3. The objections made to the charge of the court as to the inference to
be drawn where one receives money for whisky and shortly thereafter

delivers the whisky to the person from whom the money was received, and the burden cast upon him to rebut this inference, are without merit. The charge on this subject was in accordance with the repeated rulings of the Supreme Court and of this court, that evidence that the accused received money for the purchase of whisky, and shortly thereafter returned and gave the whisky to the party from whom the money was received, makes a prima facie case of guilt, and casts upon the accused the burden of showing where, how, and from whom he received the liquor, and that in the transaction he was acting as the agent of the purchaser, and was in no wise interested in the sale of the liquor. *Shaw* v. *State*, 3 *Ga. App.* 607 (60 S. E. 326), and citations; *McGovern* v. *State*, 11 *Ga. App.* 267 (74 S. E. 1101); *Highsmith* v. *Waycross*, 7 *Ga. App.* 611 (67 S. E. 677), and citations.

4. No error of law appears and the verdict is supported by the evidence.

*Judgment affirmed.*

DECIDED APRIL 2, 1913.

Indictment for misdemeanor; from Douglas superior court— Judge Edwards. January 10, 1913.

*J. S. James,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

