### 5025.   JOHNSON *v.* THE STATE.

POTTLE, J.   This case falls within the well-settled rule that on a trial for selling intoxicating liquor, a prima facie case is made out for the State by proof of a delivery of the whisky by the accused and payment to him of money or other thing of value by the purchaser.   If the accused defends upon the ground that he was acting solely as agent for the purchaser, the burden is upon the accused to show that he was not interested in the sale, received no benefit therefrom, and acted solely as agent for the buyer.   *McGovern* v. *State,* 11 *Ga. App.* 267 (74 S. E. 1101).   In the present case the accused did not carry this burden; nor was there any evidence which authorized an instruction upon this theory.   None of the assignments of error are meritorious.

*Judgment affirmed.*

DECIDED AUGUST 30, 1913.

Accusation of sale of liquor; from city court of Baxley—Judge Sellers.   July 12, 1913.

*W. W. Bennett,* for plaintiff in error.

*C. H. Parker, solicitor, J. P. Highsmith,* contra.

---

### 5037.   SIMMONS *v.* HAWKINS.

HILL, C. J.   This is a certiorari case involving $25.   On appeal to a jury in the justice's court a verdict was directed for the plaintiff.   While a justice of the peace has no authority to direct a verdict, yet where the evidence shows that the verdict as directed was demanded, this court will not reverse the judgment of the superior court refusing to sustain the certiorari on the sole ground that the verdict was directed by the justice.   *Meeks* v. *Carter,* 5 *Ga. App.* 421 (63 S. E. 517).

*Judgment affirmed.*

DECIDED AUGUST 30, 1913.

Certiorari; from Effingham superior court—Judge Sheppard.   April 24, 1913.

*J. H. Smith,* for plaintiff in error.   *C. T. Guyton,* contra.