### 5882. BROWN v. THE STATE.

RUSSELL, C. J. 1. The various assignments of error directed to rulings on evidence, to tentative statements as to the law of the case, made by the judge during the trial, and to the refusal to instruct the jury as requested, as to the court's omission to define the phrase "keep on hand," all raise the same point, to wit, that a mere temporary deposit of intoxicating liquor in a place of business while the liquor is in transit and being transported from a place where it was lawfully received to

another place, where it might be lawfully deposited, does not fall within the definition of the term "keep on hand" (Penal Code 1910, § 426); and upon this point the ruling of the majority of the court in *Cohen* v. *State*, 7 *Ga. App.* 6 (65 S. E. 1096), is adhered to, especially in view of the fact and for the reason that this case is presented for the consideration of only two Judges.

2. In view of the definition of the phrase "keep on hand" (as related to intoxicating liquors), applied by a majority of this court in *Cohen's* case, supra, the testimony admitted by the court was not subject to the objections urged by the defendant.

3. The evidence warranted the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. Broyles, J., not presiding.*

DECEMBER 22, 1914.　REHEARING DENIED FEBRUARY 26, 1915.

Accusation of misdemeanor; from city court Madison—Judge Anderson.

*E. H. George,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.