PROVO STY, J.
[.1,2] Ordinance No. 5, of the city of Shreveport defines a “blind tiger,” declares it to be a nuisance, and imposes a penalty for keeping one. The accused was prosecuted under said ordinance. It seems that for obtaining evidence against him his premises were invaded. He says this was illegal and entailed illegality upon the evidence thereby secured, making said evidence inadmissible. Evidence is not rendered inadmissible by having been secured in an illegal manner. State v. Aspara, 113 La. 941, 37 South. 883.
By comparing said ordinance, as referred to in City of Shreveport v. Maroun, 134 La. 494, 64 South. 388, with Act 146, p. 260, of 1914, as reproduced in the case of State v. Quinn (No. 20,953) ante, p. 435, 67 South. 206, it will be found that the two cover the same ground. Both declare a blind tiger to be a nuisance, prescribe what shall constitute one, make the keeping of one a punishable offense, and authorize the search of suspected premises, and prescribe the manner thereof. The ordinance differs from the statute in that an essential feature of a blind tiger under the statute is that the liquors must be kept for sale, etc., in connection with some other business conducted at the same place (see State v. Quinn, just cited), whereas, under the ordinance, that feature is not essential; and the accused contends that the statute, being the higher and later law and covering the same ground, repealed and superseded the ordinance, it being inconsistent with it.
The statute from its very nature and by its express terms has for its object and purpose to prescribe what shall constitute a blind tiger in those parts of the state where, as in the city of Shreveport, prohibition obtains; and necessarily, in doing so, it overrides local ordinances on the same subject; otherwise it would fail of its purpose, or could be overridden by local ordinances.
The learned city attorney invokes the doctrine that the same act may be an offense both under a city ordinance and a statute, and expose the culprit to punishment under each, or, in other wor’ds, to double punishment ; but the question is not as to whether the keeping of a blind tiger may not be punishable both under the said ordinance and the said Act 146 of 1914, but as to whether after a statute has prescribed what shall, in the city of Shreveport and other prohibition territory, constitute a blind tiger, the city of Shreveport is at liberty to prescribe something else as constituting a blind tiger.
Next, the learned city attorney invokes the doctrine that a special law is not repealed by a general law, the more particularly where the special law is a municipal charter, or is an ordinance validly enacted thereunder. Welch v. Gossens, 51 La. Ann. 852, 25 South. 472; Garrett v. Mayor, 47 La. Ann. 618, 17 South. 238. But the question of whether a general statute repeals a pre-existing special statute is in every case a question simply of intention. 36 Gyc. 1089. And in the present case the intention was to prescribe what should constitute the keeping of *773 a blind tiger, and to override tbe local ordinance on the same subject. This is manifest from tbe subject-matter itself, and also from tbe repealing clause, which repeals all laws in conflict; there being no other such laws than these local ordinances.
The statute repeals the ordinance only in so far as the two are inconsistent. They are not so in so far as the ordinance declares a blind tiger to be a nuisance, and imposes á penalty for keeping one. They would be inconsistent if an act could not be punished both by a statute and by an ordinance, or if the act made punishable by the statute were not also made so by the ordinance. But such fls not the case. A place where liquors are kept for sale in connection with some other business conducted at the same place is a blind tiger under the statute, and is also a blind tiger under the ordinance, since, under the ordinance, a place where liquors are kept for sale is a blind tiger regardless of whether the liquors are or not so kept in connection with some other business conducted at the same place. Under these circumstances, while we must set aside the judgment for the reason that for all that appears the accused may have been condemned even though the liquors were not kept by him in connection with some other business conducted at tbe same place, yet we cannot dismiss the charge altogether, for the affidavit simply charges in general terms that the accused kept a blind tiger in violation of the ordinance, and for all that appears he may have kept the liquors in connection with some other business conducted at the same place, and therefore come within the terms of the ordinance as controlled and superseded by the statute. Notwithstanding the said statute, there still remains in the city of Shreveport an ordinance denouncing a penalty for keeping a blind tiger; that ordinance has been superseded in so far as it defines what is a blind tiger; but it has not been repealed in so far as it denounces a penalty for keeping a blind tiger. |
The judgment appealed from is therefore set aside, and the case is remanded to be proceeded with according to law.
MONROE, C. J., concurs in the reversal of the conviction, and dissents in so far as the case is remanded, being of opinion that the defendant should be discharged.