### 6619. JACKSON v. THE STATE.

WADE, J. 1. In the absence of a timely written request, the failure of the trial judge to instruct the jury as to the law of circumstantial evidence will constitute no ground for reversal, unless the conviction of the accused depends solely upon this character of evidence. *Benton* v. *State,* 9 *Ga. App.* 422 (71 S. E. 498); *Day* v. *State,* 133 *Ga.* 434 (66 S. E. 250); *Hegwood* v. *State,* 138 *Ga.* 274 (75 S. E. 138).

(*a*) The defendant was convicted of robbery by intimidation; there was

direct evidence of intimidation, and circumstantial evidence tending to show the felonious acquisition of certain property by means of such intimidation.

(b) Intention was sufficiently manifested by the direct evidence and the circumstances in proof. Penal Code, § 32.

2. The evidence sufficiently supported the verdict, and the trial judge did not err in overruling the motion for a new trial.

Judgment affirmed. Russell, C. J., dissents.

DECIDED OCTOBER 7, 1915.

Indictment for robbery; from Fulton superior court—Judge B. H. Hill. May 8, 1915.

John A. Boykin, for plaintiff in error.

Hugh M. Dorsey, solicitor-general, contra.

