## 6796. TOUCHSTONE v. THE STATE.

BROYLES, J. 1. On the trial of one charged with selling whisky, proof that he received money from another person, accompanied by a request to procure whisky for the latter, and thereafter went off, and returned and delivered a quart of whisky to that person, would cast on the accused the burden of showing where, how, and from whom he got the whisky. Whether he successfully carried this burden would be a question for determination by the jury. *Grant* v. *State*, 87 *Ga.* 265 (13 S. E. 554); *Mack* v. *State*, 116 *Ga.* 546 (42 S. E. 776); *Gaskins* v. *State*, 127 *Ga.* 51 (55 S. E. 1045), *Benton* v. *State*, 9 *Ga. App.* 422 (3), 423 (71 S. E. 498). In this case the jury were authorized to find that the defense set up by the uncorroborated statement of the accused that he acted solely as the agent of the buyer was a mere subterfuge to escape punishment.

2. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED OCTOBER 29, 1915.

Indictment for sale of liquor; from Paulding superior court— Judge Bartlett. June 10, 1915.

*C. D. McGregor,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.