## JOHN KNIGHT v. STATE.

No. A-2989—Opinion Filed Aug. 8, 1919.

(182 Pac. 736.)

1   EVIDENCE—Documentary Evidence—Letters Between Codefendants. When two persons are jointly charged with murder and separately tried, letters written by one of them to the other, expressing malice towards and a premeditated design to kill the person slain, are admissible in evidence against either one of the said defendants, if there be any evidence tending to show collusion between them to cause the death of the person with whose death they are charged.

2.   SAME—Illegal Search—Effect. Letters obtained by an illegal search are not thereby rendered inadmissible in evidence, because the search by which the letters were obtained was violative of section 30 of the Bill of Rights of the Constitution of this state; the true rule being that the admissibility of evidence, other than confessions, is not affected by illegality by which the same is obtained.

3.   HOMICIDE—Admission of Evidence—Harmless Error. In the trial of a murder charge, erroneous admission of evidence tending to show malice and premeditated design, even though such evidence be incompetent and prejudicial, becomes harmless when a verdict of manslaughter is returned by the jury.

*Appeal from District Court, Oklahoma County;*
*John W. Hayson, Judge.*

John Knight was convicted of manslaughter in the first degree, and appeals. Affirmed.

*Ben F. Williams, Jean P. Day,* and *Pruiett, Sniggs & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, John Knight, hereinafter called defendant, was, with his brother, Jesse Knight, informed against jointly for the murder of George

E. Long, a severance granted, the defendant tried separately, and convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary at Mc-Alester for a term of 15 years. To reverse the judgment rendered, he prosecutes this appeal.

This is a companion case to that of *Jesse Knight v. State* (No. 2890) *ante,* p. 291, 182 Pac. 734, recently affirmed by this court.

The defendant in his brief has not, as required by the rules of this court, abstracted the evidence, and does not argue in his brief that the evidence is insufficient to support the judgment rendered, but rests a reversal of this case upon the alleged fundamental error of the court in admitting in evidence letters written the defendant by Jesse Knight, his brother. Therefore we do not think it necessary to recite the evidence, believing it sufficient for an intelligent review of the question involved to say that it shows that prior to being shot by the defendant's codefendant, and in the toilet which adjoined the fire hall in which deceased was shot, the deceased was severely wounded by the defendant with a knife, and immediately thereafter the deceased, accompanied by the defendant, came into said fire hall, where the defendant's codefendant was, and very shortly thereafter was shot by said codefendant, fell down, and immediately expired; that the letters in evidence were written after the writer, who at the time resided in Texas, had been informed by letters to him from the defendant that he (defendant) had been induced by the deceased to visit a house of prostitution in Oklahoma City and had there contracted syphilis; that at that time he was employed by the deceased, who was fire chief of the S. & S. Company, located at Packingtown; that after defendant had contracted said disease the deceased, who had authority

to discharge employes of the said fire department, cursed and abused the defendant, kicked him, and discharged him from his said employment; that the said letters expressed a strong brotherly attachment on the part of the writer for the defendant, and that he was very much outraged at the treatment that had been accorded his brother by the deceased, expressed malice against and a premeditated design to kill deceased, and advised the defendant to kill the deceased if he could do so with impunity, and that in order to look after his brother the said writer of the said letters came to Packingtown, and after being discharged, upon having improved as to his affliction, the ill feeling of the defendant towards the deceased was removed; that they apparently became friends, and the defendant was again employed in the said fire department by the deceased; that defendant left said second employment, and with his said brother visited their parents in Tennessee, remained there about 60 days, and then returned together to Packingtown, and that the defendant desired to be again employed in the said fire department, but that he did not so succeed; that the said defendant and his brother constantly associated closely together, and on the night of the homicide came together to the said fire hall, the said codefendant being at that time armed with a pistol.

The defendant moved for a new trial, which was overruled, and exceptions saved.

The only material contention insisted upon by the defendant in his brief is that the said letters were inadmissible in evidence against him, and unquestionably so because they were obtained by a violation of section 30 of the Bill of Rights of the Constitution of this state, which reads as follows:

"The right of the people to be secure in their person, houses, papers and effects, against unreasonable searchers and seizures shall not be violated; and no warrant shall issue, but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

With said contention we cannot agree, as this court has several times held adversely thereto. In *Silva v. State*, 6 Okla. Cr. 97, 116 Pac. 199, it is held:

"Evidence obtained by means of a search warrant is not inadmissible, either upon the ground that it is in the nature of admissions under duress, or that it is evidence which the defendant has been compelled to furnish against himself, or on the ground that the evidence has been unfairly or illegally obtained, even if it appears that the search warrant was illegally issued."

In said case Judge Doyle announces the accepted rule to be:

"That the admissibility of evidence is not affected by the illegality of the means through which the witnesses were enabled to obtain the evidence."

The said rule announced by Judge Doyle finds support and approval in the following cases, viz.: *Ripper v. U. S.*, 178 Fed. 24, 101 C. C. A. 152; *Dum Yan v. U. S.*, 193 Fed. 970, 115 C. C. A. 122; *Martin v. State*, 1 Ala. App. 215, 56 South. 3; *People v. Warren*, 12 Cal. App. 730, 108 Pac. 725; *Cohen v. State*, 7 Ga. App. 5, 65 S. E. 1096; *Minor v. Atlanta*, 7 Ga. App. 817, 68 S. E. 314; *Young v. State*, 12 Ga. App. 86, 76 S. E. 753; *State v. Turner*, 82 Kan. 787, 109 Pac. 654, 32 L. R. A. (N. S.) 772, 136 Am S. Rep. 129; *Shreveport v. Knowles*, 136 La. 770, 67 South. 824; *People v. Campbell*, 160 Mich. 108, 125 N. W. 42, 34 L. R. A. (N. S.) 58, 136 Am. St. Rep. 417; *People v. Trine*, 164 Mich. 1, 129 N. W. 3; *People v. Aldorfer*, 164 Mich. 676, 130 N.

W. 351; *State v. Rogne,* 115 Minn. 204, 132 N. W. 5; *Nixon v. State,* 92 Neb. 115, 138 N. W. 136; *State v. Wallace,* 162 N. C. 622, 78 S. E. 1, Ann. Cas. 1915B, 423; *State v. Booker,* 68 W. Va. 8, 69 S. E. 295.

The letters admitted in evidence were written in response to letters written by the defendant to his codefendant, and evidenced malice on the part of his codefendant against the deceased and a formed design to kill him, and the court properly instructed the jury that, before they could consider said letters as evidence, they must find from the evidence that the defendant and his codefendant acted in concert to effect the death of the deceased.

We think there was evidence, if said letters be entirely disregarded, that warranted the jury in finding that the death of the deceased was brought about by the collusion of the defendant and his codefendant, and that the said letters were properly admitted in evidence, notwithstanding that after the said letters were written the defendant and deceased apparently resumed friendly relations, and the defendant was again employed by the deceased in the said fire department. Whether or not friendly relations were in good faith entertained by the defendant and his codefendant toward the deceased at the time of the homicide was a question of fact for the jury.

"Slight evidence of collusion is all that the law requires to admit the acts and declaration of a conspirator in evidence against his co-conspirator." *Ex parte Hayes et al.,* 6 Okla. Cr. 321, 118 Pac. 609.

"The least degree of concert of action or collusion makes the act of one conspirator the act of all." *Ex parte Hayes, supra.*

In *Starr v. State,* 5 Okla. Cr. 440, 115 Pac. 356, it is said:

"While there is no direct testimony of a conspiracy between the petitioners, as contended by the Assistant Attorney General, and while it is true that the circumstances testified to in behalf of the state, if taken alone and simply by themselves, would have but little strength, yet, when all these circumstances are taken together, we are satisfied that this letter is admissible as against both of the petitioners. It has been expressly decided that written correspondence and entries made in books and other documents by one conspirator, having reference to the common design of the conspirators, are admissible in evidence against a co-conspirator. See *Carter v. State*, 106 Ga. 372, 32 S. E. 345, 71 Am. St. Rep. 262; *State v. Cardoza*, 11 S. E. 195; *Bloomer v. State*, 48 Md. 524."

If, however, the admission of said letters in evidence was error, as to which we hold adversely, yet, as malice and premeditation are not elements of manslaughter, the offense of which defendant was convicted, such error was harmless.

"In the trial of a murder charge, erroneous admission of evidence tending to show malice and premeditated design, even though such evidence should be incompetent and prejudicial, becomes harmless, when a verdict of manslaughter is returned by the jury." *Knight v. State, ante,* p. 291, 182 Pac. 734.

Finding no error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.