O'NIELL, J., being absent from the state, takes no part in the decision of the case.

———————

(94 South. 377)

No. 25458.

## STATE v. TUGGLE.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** &⇒17—**Statute not unconstitutional as applied to whisky because of reference to federal legislation.**

Act No. 39 of 1921 (Ex. Sess.), prohibiting the possession of intoxicating liquors for beverage purposes, is not unconstitutional as applied to whisky because of the reference to federal legislation in section 8 in defining intoxicating liquor.

2. **Criminal law** &⇒394—**Evidence not inadmissible because of absence of search warrant.**

There was no error in admitting testimony as to the finding of intoxicating liquor in accused's possession because of the absence of a search warrant.

———————

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Clyde Tuggle was convicted of having intoxicating liquor for beverage purposes in his possession, and he appeals. Affirmed.

Drew & Drew, of Minden, for appellant. A. V. Coco, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. Defendant was convicted of the offense of having in his possession intoxicating liquor for beverage purposes, and was sentenced to pay a fine of $500 and to be incarcerated in the parish jail for 60 days, and, in default of payment of fine, to imprisonment in said jail for an additional period of 12 months.

[1] The trial judge properly overruled the motion to quash the indictment in this case, based upon the alleged unconstitutionality of Act 39 of 1921 (Ex. Sess.), because section 8 of said act defines intoxicating liquor by reference to federal legislation, as whisky was found in the possession of the accused, as shown by the record. State v. Coco, 152 La. 241, 92 South. 883.

[2] The bill of exception reserved to the ruling of the judge a quo in admitting testimony as to the finding of intoxicating liquor in the possession of the accused in the absence of a search warrant is without merit. City of Shreveport v. Marx, 148 La. 31, 86 South. 602; State v. Fleckinger, 93 South. 115; [1] State v. Zeblit (No. 25380 on the docket of this court) 93 South. 912; [2] State v. Andy Lowry (No. 25461 on the docket of this

———————

[1] 153 La. ——.          [2] 153 La. ——.

[1] Ante, p. 337.          [2] Ante, p. 594.

court) 95 South. 596; [3] City of Shreveport v. Knowles, 136 La. 770, 67 South. 824.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.