(102 So. 81)

No. 26590.

### STATE v. WEAVER.

(Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬳394 — Evidence obtained by search without warrant held admissible.

In prosecution for possession of liquors for beverage purposes in violation of Laws 1921, No. 39, evidence of state's witness as to finding intoxicating liquor in defendant's automobile was admissible, although such witness had no search warrant.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Albert Weaver was convicted of having intoxicating liquors in his possession for beverage purposes, and he appeals. Affirmed.

W. B. Kemp, of Amite, for appellant.

Percy Saint, Atty. Gen., M. J. Allen, Dist. Atty., of Amite, and Percy T. Ogden, Asst. Atty. Gen., for the State.

By the WHOLE COURT.

THOMPSON, J. The accused obtained an order of appeal from a conviction for the crime of having intoxicating liquors in his possession for beverage purposes in violation of Act 39 of 1921. He was sentenced to pay a fine of $500, to serve 60 days in jail, and an additional term of one year in default of paying the fine and costs.

He has made no appearance in this court, either by oral argument or brief. We find only one bill of exception in the record which relates to the admission of certain testimony over the objection of the accused. The bill is as follows:

"That the witness Clay Shaw being sworn on behalf of the state, while under direct examination by the district attorney, started to tell about finding some intoxicating liquor in an automobile occupied by the defendant with others. The defendant objected to this testimony until the search warrant was produced. Whereupon the district attorney asked the witness: 'Did you have a search warrant?' The witness answered, 'No.' The defendant then made the objection as follows: 'Defendant objects to the testimony going to show any intoxicating liquor found in the automobile until the search warrant has been produced. Objects on the ground that it is in violation of the Bill of Rights of the Constitution of the United States and of the state of Louisiana to offer any testimony that was procured by search without a search warrant.'"

It appears from the evidence attached to the bill that the officers had information to the effect that a carload of whisky was going to be transported from the parish to McComb City, Miss., and they arranged to intercept the same. When the supposed whisky car approached, the officer,. Clay Shaw, turned his car crossways of the road, and went on one side of the whisky car. One Ryals went on the other side, and they proceeded to search the car. They found a gallon jug and two quart bottles of whisky, which they took possession of.

The objection was properly overruled. In the case of State v. Aspara, 113 La. 940, 37 So. 883, the court quoted with approval from Underhill on Evidence, p. 59, as follows:

" 'Incriminating articles may, if relevant, be used in evidence against the accused, though forcibly, irregularly, or illegally taken out of his possession.' "

Again, in City of Shreveport v. Knowles, 136 La. 770, 67 So. 824, we said:

"It seems that for obtaining evidence against him his premises were invaded. He says this was illegal and entailed illegality upon the evidence thereby secured, making said evidence inadmissible. Evidence is not rendered inadmissible by having been secured in an illegal manner."

To the same effect is the ruling in City of Shreveport v. Marx, 148 La. 31, 86 So. 602. And in a still later case, State v. Fleckinger, 152 La. 337, 93 So. 115, we recognized the rule as laid down by Greenleaf as follows:

" 'It may be mentioned in this place that though papers and other subjects of evidence may be illegally taken from the possession of the party against whom they are offered or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue. The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question.' Greenleaf on Evidence, vol. 1, § 254a."

157 La.—4

There being no other bill in the record, and finding no. error on the face of the record, the judgment appealed from is affirmed.

O'NIELL, C. J., is of the opinion that the sentence is excessive and to that extent illegal.