(86 South. 602)

No. 24167.

## CITY OF SHREVEPORT v. MARX.

### In re MARX.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors ⟨⟩13—State legislation yields only to that of Congress, because of paramount authority in enforcing federal Constitution.**

State legislation, prohibiting sale of intoxicating liquors, yields to that of Congress only because of paramount authority of the latter in enforcing the federal Constitution, and legislation of the state must stand, unless there is some conflict with an act of Congress which would tend to defeat the purpose of the Eighteenth Amendment to the federal Constitution, in view of the clause giving concurrent power to the states to enforce the amendment.

2. **Intoxicating liquors ⟨⟩13, 132—State prohibition statute not superseded by Eighteenth Amendment and Volstead Act.**

Act No. 8 of Extra Sess. 1915, a state statute prohibiting sales of liquor, although in force when the Eighteenth Amendment to the federal Constitution and the Volstead Act became effective, was not repealed or superseded by such amendment or act of Congress.

3. **Municipal corporations ⟨⟩642(4)—District court did not err in refusing to quash the charge under city ordinance on appeal from city court.**

Where defendant was prosecuted in a city court under Act No. 8 of Extra Sess. 1915 and a city ordinance for operating a "blind tiger," and was duly convicted and appealed to the district court, the district court did not err in refusing to quash the charge under the city ordinance, on the ground that the appeal on that phase of the case should have come to the Supreme Court direct.

4. **Intoxicating liquors ⟨⟩13, 132—Prohibition amendment and Volstead Act did not supersede city ordinance.**

The Eighteenth Amendment to the federal Constitution and the Volstead Act did not supersede or repeal an ordinance of the city of Shreveport, prohibiting the operating of blind tigers.

5. **Municipal corporations ⟨⟩642(4)— Court did not abuse discretion in remanding case to city court to permit an appeal to Supreme Court.**

Where defendant was prosecuted in city court under Act No. 8 of Extra Sess. 1915 and a city ordinance, and convicted for operating a blind tiger, and appealed to the district court, court exercised a proper discretion in declining to entertain a motion to quash the charge under the city ordinance and in refusing to remand that phase of the case to the city court in order to permit an appeal to the Supreme Court.

6. **Criminal law ⟨⟩395—Not necessary to produce search. warrant to ascertain whether it was properly procured before permitting witnesses to testify.**

In a prosecution for operating a blind tiger under Act No. 8 of Extra Sess. 1915, court did

not err in overruling defendant's motion, asking that the state be required to proceed, as she contended, in accordance with Act No. 8 of 1915, by producing the search warrant and ascertaining if it had been procured according to the statute, and, if not, that the witnesses be not permitted to testify, the court giving as its reason that, even though the evidence might have been obtained in a manner different from that provided in the statute, this did not prevent its being used by the state when so obtained.

**7. Criminal law ☞373 — Evidence of circumstances used by former prosecution for operating blind tiger held admissible.**

In a prosecution under Act No. 8 of Extra Sess. 1915 for operating a blind tiger, court did not err in admitting in evidence certain circumstances and acts which took place on April 24, which had been used by the prosecution on a charge of keeping a blind tiger on that date, and of which defendant was acquitted, present charge being made as of the 25th of the same month, where the court overruled the objection for the reason that the offense of keeping a blind tiger is in its nature a continuing one, and proof of the character offered was admissible, not for the purpose of showing another crime, but as corroborative of other evidence tending to establish the charge.

**8. Criminal law ☞599—No abuse of discretion in refusing to grant continuance for surprise.**

In a prosecution for operating a blind tiger under Act No. 8 of Extra Sess. 1915, court did not abuse its discretion in refusing to continue the case when over objection it admitted in evidence circumstances and acts which took place on a certain date, which had been used by the prosecution on a charge of keeping a blind tiger on that date, and of which defendant had been acquitted, defendant pleading surprise and expressing a desire to summon witnesses and show what took place on such date, reason given by the court being that the offense was a continuing one, and that defendant should have known that any evidence which might have tended to establish the keeping of a blind tiger would be received, and should have had her witnesses present.

**9. Criminal law ☞407(1)—Statement made in presence of accused, and not denied, admissible.**

In a prosecution for operating a blind tiger under Act No. 8 of Extra Sess. 1915, court properly permitted the state to ask a witness

as to what a certain person said in the presence of accused, over the defendant's objection that such third person was the best witness of what took place, and that the answer would be hearsay, the objection being overruled for the reason that "the evidence showed that the statement was made in the presence of the accused, and that the accused failed to deny same at the time," answer being to the effect that the third person stated that accused had sold him whisky.

**10. Criminal law ☞260(13)—Arraignment in district court not necessary, where issue had been joined in city court.**

Where one being prosecuted for operating a blind tiger was arraigned in a city court, there was no necessity for an arraignment on appeal in the district court, where the accused was tried de novo.

Application by Archie Marx for writs of certiorari and prohibition to the First district court of Caddo, Hon. J. H. Stephens, Jr., judge, in connection with the prosecution and conviction of the appellant for operating a blind tiger. Application dismissed.

Charles F. Crane, of Shreveport, for relator.

DAWKINS, J. Defendant was prosecuted in the city court of Shreveport, La., under Act No. 8 of Extra Sess. 1915 and a city ordinance for operating a "blind tiger," and was duly convicted. She appealed to the district court for Caddo parish, the cases were tried de novo and the judgment of the city court affirmed. Having no further right of appeal, defendant applied to us for writs of certiorari and prohibition, alternative writs were issued, and the case is now before us for disposition.

The complaints made against the action of the lower court are presented in nine bills of exception attached to the application, and which we shall dispose of in their order, as follows:

Bill No. 1.

Bill No. 1 was retained to the overruling of a demurrer and motion to quash the charges, filed in the district court, on the ground that

Act No. 8 of the Extra Session of the Legislature of 1915 has been repealed or superseded by the Eighteenth Amendment to the Constitution of the United States and the Act of Congress passed pursuant thereto, commonly known as the Volstead Act (41 Stat. 305).

It is contended by defendant that, inasmuch as Congress, under the Eighteenth Amendment, has dealt in detail with the manufacture, sale, transportation, importation, and exportation of intoxicating liquors, all state legislation and municipal ordinances passed prior to such legislation have been repealed or superseded by the federal law. In view of the apparent purpose of Congress to deal with the whole subject of prohibition, this would doubtless be true if it were not for the fact that the very amendment itself gives or reserves to the states concurrent power to enforce it by appropriate legislation. It reads:

"The manufacture, sale, or transportation of intoxicating liquor within, the importation thereof into, or the exportation thereof from, the United States and all territory subject to the jurisdiction thereof for beverage purposes is * * * prohibited.

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

[1, 2] It follows that unless there be some conflict in the act of Congress with that of the state, the article in question itself affords a complete answer to the contention, since state legislation would only have to yield to that of Congress because of the paramount authority of the latter in enforcing the federal Constitution. The purpose, both of the amendment and the Volstead Act, was and is the enforcing of prohibition, and only such legislation as might tend to defeat that purpose would produce such a conflict; while, on the other hand, any law which had the effect of aiding in its accomplishment could not be said to impede either amendment or statute, although the state statute might provide additional or identical means to the common end; otherwise the clause giving concurrent power to the states to enforce the amendment would be meaningless. It is true that the Act No. 8 of 1915 was in force when the Eighteenth Amendment and the Volstead Act became effective, but nothing therein has been pointed out, nor have we been able to find anything in the state law with which they conflict.

The motion to quash was therefore without merit.

### Bill No. 2.

[3, 4] The second bill was reserved to the refusal of the court to quash the charge under the city ordinance, on the ground that the appeal on that phase of the case should have come to this court direct. We see no error in the ruling; but, even if the case under the ordinance had come to us in that way, what we have said with regard to Act No. 8 of 1915, in the above ruling on bill of exceptions No. 1, would have equal application to the ordinance.

### Bill No. 3.

[5] In this bill, defendant objects to the refusal of the district court, after declining to entertain the motion to quash the city charge, to remand that case in order to permit an appeal to this court. The reason given for the ruling was that the case was before the court on its merits, and that the right of appeal to the Supreme Court should have been exercised before the case came to trial. We find no error, since the court exercised a proper discretion, and passed upon the only question of which, in its opinion, it had jurisdiction, i. e., the merits.

### Bill No. 4.

[6] In this bill the defendant complains of the action of the court in overruling her motion, asking that the state be required to proceed with the trial, as she contended, in accordance with the act No. 8 of 1915, by producing the search warrant and ascertaining if it had been procured according to the statute, and, if not, that the witnesses be not

permitted to testify. The court gives as its reason for the ruling that, even though the evidence might have been obtained in a manner different from that provided in the statute, this did not prevent its being used by the state when so obtained, and we find no error in this view.

### Bill No. 5.

[7] Defendant objected to the admitting in evidence of certain circumstances and acts which took place on April 24th, which had been used by the prosecution on a charge of keeping a blind tiger· on that date, and of which she had been acquitted, to support the present charge made as of the 25th of the same month. The court overruled said objection, for the reason that the offense of keeping a blind tiger is, in its nature, a continuing one, and proof of the character offered was admissible, not for the purpose of showing the commission of another crime, but as corroborative of the other evidence tending to establish the charge under investigation.

We find no error.

### Bill No. 6.

[8] This bill was reserved to the refusal of the court to continue the case, after the evidence mentioned in bill No. 5 had been admitted, defendant pleading surprise and expressing a desire to summon witnesses to show what took place on April 24th. The continuance was refused, because the court was of the view that, the offense being a continuing one, the defendant should have known that any evidence which might have tended to establish the keeping of a blind tiger would be received, and should have had her witnesses present. We do not think that this was an abuse of the sound discretion allowed a trial court in the matter of a continuance, and the ruling will not be disturbed.

### Bill No. 7.

Bill No. 7 was reserved to the overruling of an objection to the testimony of a witness as to what occurred at defendant's place a week prior to the first charge of April 24th. The reasons given by the court were the same as those in the per curiam to bill No. 5, and we think, sufficient.

### Bill No. 8.

[9] The counsel for the state questioned a witness as follows:

"Q. Mr. Hawkins, did Mr. Ludwick make any statement in the presence of defendant?
"A. Yes, sir.
"Q. What was it?"

Counsel for defendant objected on the ground that Ludwick was the best witness of what took place, and for the further reason that the answer would be hearsay and violate the provision of the Constitution, requiring that the accused shall be confronted by the witnesses against him, and that the matter inquired about took place seven days prior to the trial. The objection was overruled for the reason that:

"The evidence showed that the statement was made in the presence of the accused, and that the accused failed to deny same at the time."

The answer was to the effect that Ludwick told Hawkins that accused had sold him (Ludwick) whisky, and the accused made no denial of it, though the statement was made in her presence.

We think the evidence was admissible.

### Bill No. 9.

[10] Bill of exceptions No. 9 complains of the overruling of a motion in arrest of judgment, based upon the averment that accused had not been arraigned and no issue joined. The reasons given by the court were:

"That the accused is being tried de novo in the district court on appeal from the city court, where the accused ·was arraigned and issue

joined. The accused is now in this court in the possession [position] of appellant, in an effort to defeat the judgment of the city court, and no arraignment is necessary."

The copy of the transcript from the city court is in the record, and shows that accused was arraigned there. There was no necessity for an arraignment in the district court. The issue had already been properly joined.

No briefs were filed by either side in this case.

For the reasons assigned, the preliminary rule issued herein is recalled, and the application dismissed.

O'NIELL, J., concurs in the decree.