LAND, J.
Defendant is charged with the possession of intoxicating liquor for beverage purposes. I-Ie was convicted and sentenced to pay a fine of $500 and to imprisonment In the parish jail for 60 days, and, in default of payment, to imprisonment for a period of 5 months additional.
Bill of Exceptions No. 1. — A motion to quash the information in this case was made on the ground that Act 39 of 1921 (Ex. Sess.) is unconstitutional, in that it attempts to define intoxicating liquors by reference to federal legislation. This contention is not well founded, for the reasons assigned in State v. Coco, 152 La. 241, 92 South. 883. Whisky is not defined by reference to federal legislation in said act. '
Bill of Exceptions No. 2. — Defendant filed a motion in arrest of judgment on the ground that the information against him •charges no crime denounced by any statute in this state. This contention is also unavailng. State v. Coco, 152 La. 241, 92 South. 883.
Bill of Exceptions No. 3. — There was found in the possession of the accused 10 gallons of mash and 4 quarts of corn whisky under a search warrant. A state, witness, a deputy sheriff, was placed on the stand to prove these facts, and his testimony was objected to by counsel for defendant, on the ground that the testimony of the witness' was illegally obtained and was inadmissible, for the reason that the affidavit for the search warrant did not comply with the requirements of Act 39 of 1921, and that the warrant was therefore illegally issued. The admissibility of such testimony, in the absence of a search warrant, is no longer an open question; it is the settled jurisprudence of this state. Whether the affidavit was insufficient to serve as a legal basis for the issuance of the search warrant in this case is therefore immaterial and unimportant. City of Shreveport v. Marx, 148 La. 31, 86 South. 602; State v. Fleekinger (La.) 93 South. 115; [1] Com. v. Dana, 2 Metc. (Mass.) 329; Greenleaf on Evidence, vol. 1, § 254.
Bill of Exceptions No. 4. — Nothing new is raised in the motion for a new trial, which was properly overruled by the trial judge.
The judgment appealed from is therefore affirmed.

 Ante, p. 337.