(94 South. 440)

No. 25435.

**STATE v. OSBORNE.**

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬡⇒177—Defendant not entitled to urge plea of jeopardy when case reassigned for trial on his motion.**

Where, after the trial had commenced, the case was reassigned for a future day on accused's motion because of the granting of a bill of particulars, accused is without standing to urge a plea of once in jeopardy based upon the previous attempt at a trial.

2. **Criminal law ⬡⇒394—Evidence not inadmissible because obtained on search without warrant.**

On a trial for manufacturing whisky, evidence of the crime found on defendant's premises was not inadmissible because the search of his premises was made without a warrant.

Appeal from Second Judicial District Court, Parish of Bossier; J. E. Reynolds, Judge.

J. T. Osborne was convicted of manufacturing whisky for beverage purposes, and he appeals. Affirmed.

Drew & Drew, of Minden, for appellant.

A. V. Coco, Atty. Gen., and R. Harwell Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

PROVOSTY, C. J. Accused appeals from his conviction on the charge of manufacturing whisky for beverage purposes.

[1] The date in the information being January 3, 1922, the first witness for the state was asked whether he had not searched the premises of accused on that date. He answered that he had not on that date, but had on December 26, 1921. This discrepancy in date led to objection and to argument, whereupon the accused was allowed to call for a bill of particulars, and the district attorney, in answer to this call, fixed the date as of December 26th; and on motion of accused the case was reassigned for a future day. When the case was again taken up for trial, accused filed a plea of once in jeopardy, based upon the previous attempt at a trial. The reassignment of the case having been on his motion, he is without standing to urge the plea.

[2] The search of his premises having been made without a warrant, he objected to testimony as to the evidences of the crime which were found on the premises.

The objection was properly overruled. State v. Fleckinger, 152 La. 337, 93 South. 115.

Judgment affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.