(95 South. 596)

No. 25461.

## STATE v. LOWRY.

(Nov. 27, 1922.    Rehearing Denied Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Intoxicating liquors ☞211—Indictment for possessing held good.**

An indictment charging that defendant unlawfully possessed, for beverage purposes, intoxicating liquor shown to be whisky by the bill of particulars, was good as against motion to quash under Act No. 39, of 1921.

**2. Criminal law ☞1111(2)—Judge's statement in per curiam to bill prevails over counsel's statement in the bill.**

Trial judge's statement in per curiam to bill of exceptions that he did not refuse to permit defendant's counsel to have evidence taken by stenographer at his own expense, prevails over counsel's statement in the bill to the contrary, when record contains nothing about the matter.

**3. Criminal law ☞393(2)—Evidence of finding of whisky after doors opened because of threats does not compel defendant to incriminate himself.**

Defendant was not compelled to incriminate himself by admitting evidence of the finding of whisky after he unlocked a locker and the door of a room, because of threats to kick down the door.

**4. Intoxicating liquors ☞246—Gambling shack near residence not immune from search without warrant.**

A gambling shack, near defendant's private residence, and used as a place of business, was not immune from search without a warrant as his private dwelling or abode under Act No. 39, of 1921, § 5, because there was a bed there with a pistol lying on it.

**5. Criminal law ☞394—Evidence not inadmissible because obtained upon search without warrant.**

Evidence is not inadmissible in a criminal case because secured in an illegal manner as by search without a warrant.

Appeal from Fifteenth Judicial District Court, Parish of Allen; Thos. F. Porter, Jr., Judge.

Andy Lowry was convicted of possessing intoxicating liquors for beverage purposes, and he appeals. Affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

LAND, J.    Defendant was charged with having in his possession intoxicating liquors for beverage purposes. He was convicted and sentenced to pay a fine of $500 and to imprisonment in jail for 60 days, and, in default of payment of fine, to an additional term of 12 months' imprisonment.

The record in this case contains two motions to quash, a motion for new trial, and 7 bills of exception, exclusive of the three bills reserved to the overruling of the motions to quash and the motion for a new trial.

The motions to quash are based on the following grounds:

(1) That said indictment does not charge any offense known to the laws of the state of Louisiana.

(2) That said indictment does not charge any offense under Act 39 of 1921.

(3) That said indictment does not inform the accused of the nature and cause of the accusation brought against him.

(4) That said indictment fails to set forth a charge that the said liquor was possessed for sale.

(5) That said indictment merely sets forth a conclusion of the pleader.

(6) That said indictment fails to negative the permissive sections of said statute.

(7) That Act 39 of 1921 is unconstitutional because said act embraces more than one object, and because the title of said act is not indicative of the objects set forth.

(8) Because Act 39 of 1921 defines intoxicating liquors by reference to federal legislation.

[1] The indictment charges that the defendant "did unlawfully possess intoxicating liquor within the parish of Allen, La., for beverage purposes." The bill of particulars shows that the kind of liquor possessed was whisky. All of these numerous grounds set forth in these motions to quash were decided adversely to the defendant's contention in the case of State v. Coco, 152 *La. 241, 92 South. 883.

Bills of exception Nos. 1 and 2 were reserved to the action of the trial judge in overruling the motions to quash.

[2] Bill of exception No. 3 was taken to the refusal of the lower judge to permit all of the testimony in the case to be taken down by a stenographer at the expense of defendant, for the purpose of incorporating the same in the record of appeal, in order that the Supreme Court might be advised from the facts, as contained in such note of evidence, as to the application of the legal objections made, and in order that the evidence so taken might be attached to the motion for a new trial, and in order that, in the trial, the want of sufficient evidence or any evidence at all in support of the charge as made might be passed upon by the Supreme Court. This request was made before any evidence was adduced in the case. The trial judge denies in the per curiam to this bill that he refused to permit counsel for defendant to have the evidence taken down by a stenographer at the expense of the defendant; but states that he did tell counsel that, if he did take all of the testimony, he would not sign any bill, as there was no method provided by law whereby an accused might have all of the evidence taken in a criminal case and an appeal therefrom to this court on a question of fact. The statement of the trial judge that he made no such ruling must control, as there is a conflict with counsels' statement as to the ruling made by the judge, and the record contains nothing on the point at issue, save the bill drawn by counsel and the statement of the judge. State v. Boudreaux, 137 La. 227, 68 South. 422; State v. Gainey, 135 La. 459, 65 South. 609; State v. Cavido, 134 La. 204, 64 South. 117.

In the case of State v. Craft, 118 La. 125, 42 South. 718, this court held that the defendant in a criminal case has not the right to require that the trial judge should order the clerk to take down in writing all of the evidence of the eyewitnesses to a homicide, in advance of any testimony having been adduced, or objection to testimony having been made, and that the right claimed by the accused in that case went beyond Act 113 of 1896, the statute upon that subject.

Bills of exception Nos. 4, 5, and 6 were reserved to the admission of testimony to show the finding of whisky in the possession of the defendant on his premises, in the absence of a search warrant.

[3] And bills of exception Nos. 7, 8, and 9 were reserved to the admission of such testimony on the ground that defendant was compelled to incriminate himself, as he

opened a locker in the main room of his premises and unlocked the door to the side room, after threats had been made by the raiders to kick down this door unless the defendant opened it. The testimony in connection with these bills shows that such threats were made, but there is no evidence in the record to prove that any threat of violence to the person of defendant was indulged in on this occasion. Defendant made no confession as to his having intoxicating liquor in his possession.

In the case of State v. McLaughlin, 138 La. 958, 70 South. 925, we said:

"That a person charged with murder, by cutting the throat, is denied no constitutional right in having the scrapings from beneath his fingers nails, and his clothing taken, though against his will, with a view to their being tested for the presence of human blood."

[4] Defendant could have refused to unlock the locker and this side door, had he seen fit to do so, and let the officer take his own course in the matter. The place searched was a gambling shack, consisting of a main room and a side room. It was open to the public. As the deputy sheriff entered, he saw 6 or 7 persons in the main room, and the defendant, the proprietor, was in the act of cashing chips. The officer informed the defendant that his business was to search the place for intoxicating liquors. The defendant unlocked a locker in the main room, and some whisky was found there by the searching party; and, after the side door was unlocked, some whisky in a glass on a table in the side room was discovered. The testimony shows that the private residence of the defendant was located east of this gambling joint, which he operated, at a distance of 75 to 100 yards. Merely because a bed was in this side room, with a pistol laid on it, counsel contend that this gambling shack, and especially this side room, constituted the private dwelling or abode of the accused, and, therefore, under section 5 of Act 39 of 1921, could not be searched without a search warrant issued under this section. This contention is wholly untenable, as the private residence of defendant was situated only a stone's throw from this gambling shack, which is shown by the testimony to be the place of business of defendant and open to the public.

[5] We held, in City of Shreveport v. Knowles, 136 La. 770, 67 South. 824, that "evidence is not rendered inadmissible by having been secured in an illegal manner." The premises of the defendant in that case had been invaded for the purpose of obtaining evidence against him on a charge of "keeping a blind tiger," and the defendant contended that the evidence had been illegally obtained against him, as his premises had been searched without a warrant, and that this entailed illegality upon the evidence thus secured, and rendered such evidence inadmissible. The ruling of this court in the Knowles Case, cited above, has been repeatedly affirmed by this court in the cases of City of Shreveport v. Marx, 148 La. 31, 86 South. 602; State v. Fleckinger (La.) 93 South. 115; [1] and State v. Tony Zeblit, No. 25380 on the docket of this court, 93 South. 912,[2] in which latter case we announced that "this is no longer an open question; it is the settled jurisprudence of the state."

We find nothing new raised in bill of exception No. 10, reserved to the action of the trial judge in overruling the motion for a new trial.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.

---

[1] 152 La. 337.          [2] 152 La. 594.