(95 South. 264)

No. 25520.

**STATE v. MIMS.**

(Dec. 29, 1922.)

*(Syllabus by the Court.)*

**Criminal law ☞394—Evidence admissible though obtained by unlawful search and seizure.**

Under the jurisprudence of this state, evidence otherwise admissible in a criminal case should not be excluded even though obtained by search and seizure without a search warrant.

Appeal from Second Judicial District Court, Parish of Webster; J. E. Reynolds, Judge.

C. C. Mims was convicted of unlawfully manufacturing whisky for sale for beverage purposes, and he appeals. Affirmed.

R. F. Langston, of Minden, for appellant.

A. V. Coco, Atty. Gen., R. H. Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. Defendant was convicted of unlawfully manufacturing whisky for sale for beverage purposes, and was fined $500 and 60 days in jail, and 12 months additional if the fine be not paid. He appeals to this court.

The record contains but one bill of exception, to wit, to a refusal of the district judge to exclude certain evidence obtained by search and seizure made without a search warrant.

The bill is without merit. In Shreveport v. Marx, 148 La. 31, 86 South. 602, and again in State v. Fleckinger, 152 La. 337, 93 South. 115, this court held that evidence otherwise admissible in a criminal case, should not be excluded even though obtained by search and seizure without a search warrant.

**Decree.**

The judgment appealed from is therefore affirmed.

O'NIELL, J., concurs in the decree, but does not approve the doctrine of State v. Fleckinger.