(97 South. 590)

No. 26002.

### STATE v. DAVIS et al.

(June 30, 1923. Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⟨⟩1159(2)—Supreme Court cannot review sufficiency of evidence.**

The Supreme Court has no jurisdiction to review question of sufficiency of evidence to establish defendant's guilt.

**2. Witnesses ⟨⟩37(2)—Not disqualified because acting unlawfully when knowledge acquired.**

A witness is not disqualified because his knowledge was obtained when he was acting unlawfully as member of a raiding party entering premises forcibly and without search warrant.

**3. Criminal law ⟨⟩394—Evidence obtained on unlawful search admissible.**

Evidence otherwise admissible in criminal case will not be excluded, though obtained by search and seizure without a search warrant.

Appeal from Sixth Judicial District Court. Parish of Morehouse; Fred M. Odom, Judge.

Ewell Davis and others were convicted of manufacturing intoxicating liquor for beverage purposes, and they appeal. Affirmed.

William B. Stuckey, of Mer Rouge, for appellants.

A. V. Coco, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe (T. Semmes Walmsley, of New Orleans, of counsel), for the State.

ST. PAUL, J. [1] The defendants were severally convicted of manufacturing intoxicating liquor for beverage purposes. They have reserved three bills of exception all of like tenor and effect, except that the third bill raises a question of sufficiency of the evidence to convict. With this last, however, this court has no concern, as it has no jurisdiction to review facts bearing directly on the guilt or innocence of the accused.

For the rest, the complaint is that the trial judge received the testimony of one who admitted that he was a member of a raiding party, who entered defendants' premises forcibly and without search warrant, and also received the physical evidence obtained in this raid.

[2] We know of no law which disqualifies a witness, or excludes his testimony, because such witness was acting unlawfully when he obtained knowledge of the facts to which he testifies, if such facts be otherwise admissible. The fact that the witness acted unlawfully is one which may affect his credibility, but not his competency.

[3] And in State v. Mims, 153 La. 9, 95 South. 264, this court said:

"Under the jurisprudence of this state, evidence otherwise admissible in a criminal case

should not be excluded even though obtained by search and seizure without a search warrant," citing Shreveport v. Marx, 148 La. 31, 86 South. 602; State v. Fleckinger, 152 La. 337, 93 South. 115. See, also, State v. Creel, 152 La. 888, 94 South. 433.

### Decree.

The judgments appealed from are therefore affirmed.