(107 So. 106)

No. 27569.

### STATE v. PATTERSON.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** &#9750;1160—**Ruling of trial judge, on motion for new trial, which raised only questions of fact, presents nothing for review.**

Ruling of trial judge, on motion for new trial, which raised only questions of fact, presents nothing for review.

2. **Intoxicating liquors** &#9750;17—**State law not invalid because penalties less severe than those of Volstead Act.**

Act. La. No. 39 of 1921 (Ex. Sess.), is not invalid, under Const. U. S. Amend. 18, because it imposes less severe penalties than those provided by National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

3. **Statutes** &#9750;107(3)—**Act prohibiting manufacture, sale, transportation, etc., of intoxicating liquors, held not void as embracing two distinct objects.**

Provision in Act No. 39 of 1921 (Ex. Sess.), for search of suspected places is incidental and germane to enforcement of purpose of act to prohibit liquor traffic, and act is not invalid, under Const. 1898, art. 31, and Const. 1921, art. 3, § 16, as embracing two objects.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Alonzo Patterson was convicted of having intoxicating liquor in his possession for sale for beverage purposes, and he appeals. Affirmed.

See, also, 159 La. 765, 106 So. 296.

St. Clair Adams and Wm. J. O'Hara, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Henry Mooney, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

ROGERS, J. Defendant appeals from a conviction and sentence for having intoxicating liquor in his possession for sale for beverage purposes. The sole bill of exception in the record was taken to the action of the judge in overruling a motion for a new trial. In this court, defendant has filed an assignment of errors, attacking the constitutionality of Act 39 of the Extra Session of 1921, under which he was prosecuted and convicted.

[1] As only questions of fact were raised by the motion for a new trial, the ruling of the trial judge with respect thereto presents nothing for review.

Defendant's first objection to the statute is, that it is in conflict with the National Prohibition Law (Act of Congress of October 28, 1919, 41 Stat. 305 [U. S. Comp. St. § 10138¼ et seq.]), and with the Eighteenth Amendment of the federal Constitution. His second objection is that the body of the act embraces two distinct objects and purposes in violation of article 31 of the Constitution of 1898 and article 3, § 16, of the Constitution of 1921.

[2] The reason for the first objection is that the state law imposes penalties of a lesser degree than those imposed by the federal statute.

We are unable to perceive the force of this contention. Section 2 of the Eighteenth Amendment confers on Congress and the several states concurrent power to enforce its provisions by appropriate legislation. The effect of the amendment was to give Congress the power to enact legislation to make prohibition effective within the territorial limits of the United States, while at the same time preserving the like power to the several states within their respective territories. Congress by the enactment of the National Prohibition Act, pursuant to the power conferred upon it by the amendment, has not deprived the states of the right to exercise their police power in the regulation and restriction of the liquor traffic, provided such regulation and restriction does not conflict with the provisions of such act. The statute under which defendant was prosecuted is plainly not in conflict with the national prohibition laws. On the contrary, it tends to effectuate and not to defeat the purposes of the Eighteenth Amendment and the congressional enactment (Volstead Act). It is immaterial that in the furtherance of its object the penalties under the state law are less severe than those provided by the federal statute. Ex parte Kinney, 53 Cal. App. 792, 200 P. 966; Youman v. Commonwealth, 193 Ky. 536, 237 S. W. 6; Ex parte Gilmore, 88 Tex. Cr. R. 529, 228 S. W. 199. See, also, Johnson v. State, 81 Fla. 783, 89 So. 114.

In United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314, Chief Justice Taft, in discussing the reason for the adoption of the amendment and its effect on the respective legislative measures enacted by Congress and the several states to enforce prohibition, said, viz.:

"Each state, as also Congress, may exercise an independent judgment in selecting and shaping measures to enforce prohibition. Such as are adopted by Congress become laws of the United States, and such as are adopted by a state become laws of that state. They may vary in many particulars, including the penalties prescribed, but this is an inseparable incident of independent legislative action in distinct jurisdictions."

[3] Defendant's second objection is equally unsound. It is founded on the assumption that the statute embraces two objects, namely, to prohibit the manufacture, sale, transportation, etc., of intoxicating liquors, and to provide for the search of places suspected of containing intoxicating liquors. There is no conflict in the provisions of the statute. All of its clauses are reasonably and properly connected with, and related to, one another. The purpose of the section authorizing the issuance of a search warrant is to facilitate the enforcement of the provisions of the law, and it is therefore clearly incidental and germane to the object of the act. In State v. Guidry, 142 La. 422, 76 So. 843, this court, citing many authorities, said:

"The constitutional requirement that a statute shall embrace only one object does not mean that each and every means necessary to accomplish the object of the law must be provided for by a separate act relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional requirement that the act must have only one object."

For the reasons assigned, the conviction and sentence appealed from are affirmed.