O’NIELL, C. J.
 

 The defendant has appealed from a conviction and. sentence for manufacturing intoxicating liquor for beverage purposes.
 

 The sheriff and . a deputy, under authority of a sear-ch warrant, searched the premises occupied by the defendant as his residence, and, in an' outhouse in the yard,' found a whisky-still, 10 or 12 gallons of whisky, several barrels of mash, and other paraphernalia and materials used for making whisky; all of which articles were seized by the sheriff and used1 as evidence against the defendant.
 

 The record contains seven bills of exception, six of which relate to the question of legality of the search and seizure. One of these bills was reserved to- the overruling of a motion to quash the «affidavit on which the search warrant issued, to quash- the warrant itself, and to quash the bill of information because it was based upon the information obtained by the alleged unlawful search and seizure. Three of the bills were reserved to the overruling of objections to the admissibility of the evidence obtained by virtue of the alleged unlawful search and seizure. Another of the bills was reserved to the overruling of a motion for a new trial, and the last of the six bills referred to was reserved to the overruling of a motion in arrest of judgment.
 

 ■The propositions submitted in the six bills of exception relating to the question of validity of the search warrant are attacks upon the constitutionality of the Act No. 39, Extra Sess. of 1921, under which the defendant was prosecuted. It is contended, first, that the statute is violative of section 16 of article 3 of the Constitution of the state, requiring that each and every statute enacted by the Legislature shall have only one object and shall have a title indicative of its object. In that connection it is contended (1) that the provisions in the fifth section of the statute relating to search and seizure, and particularly the provision for the punishment of any person who procures a search warrant by making affidavit maliciously and without probable cause and who thereby causes a search .of a bona fide residence, are separate and- apart from the main object-of .the act, .and are not, embraced in the object .indicated. by the title of the act; (2) that the pro
 
 *991
 
 visions in the seventh section of the act, ■directing how the fines assessed and collected shall be appropriated, are foreign from the main object of the law and are not embraced in its title; and (3) that the provisions in the ■second section, forbidding the soliciting~or receiving of orders for the sale of intoxicating liquors, are foreign from the main object ■of the law and are not embraced in its title.
 

 It is contended, secondly, that the fifth section of the statute permits a judge or committing magistrate to issue a search warrant without “probable cause,” and is therefore violative of the Fourth Amendment of th'e Constitution of the United States, and of section
 
 7
 
 of article 1 of the Constitution of Louisiana, guaranteeing that the right of the people to be secure in their persons, houses, etc., against unreasonable searches and seizures, shall not be violated, and that no search warrant shall issue except upon probable cause, ■etc.
 

 There was no merit in the motion to quash the bill of information. Even if the. information on which the bill was founded had been procured by unlawful means, that would not have been a cause for quashing the bill of information or dismissing the prosecution. The motion to quash the affidavit on which the search warrant was issued a-nd to quash the warrant itself, after the affidavit and warrant had served their purpose and had become functus officio, was also a novel and unavailing proceeding. The language of the affidavit on which the search warrant was issued tracked the statute literally; so that the complaint in that respect was, not that the affidavit did not conform with the requirements of the statute, but that the statute itself was violative of the Constitution.
 

 The argument that the statute is violative of section 16 of article 3 of the Constitution of Louisiana, requiring that each or every statute enacted by the Legislature shall have only one object and shall have a title indicative of its object, was answered in a very recent decision (State v. Patterson, 160 La. 269, 107 So. 106) where it was held that the various provisions for the enforcement of the lawi were incidental to and necessary for carrying out the principal object stated in the title of the act, and that the act was not unconstitutional in that respect. Besides the provisions that were pointed out by the learned counsel for the appellant as being foreign from the object stated in the title of the act — e. g., the provision for the punishment of one who maliciously procures the search of a residence by making affidavit without probable cause, the provision directing how the fines assessed and collected shall be appropriated, and the provision forbidding the soliciting or receiving of orders for the sale of intoxicating liquor — are matters with which the defendant in this case is not concerned. He has no right to have the court decide, as an abstract proposition of law, whether those provisions of the statute which are not invoked against him are valid. State v. Coco, 152 La. 241, 92 So. 883 ; State v. Cleary, 152 La. 265, 92 So. 892; State v. Anding, 152 La. 259, 92 So. 889; State v. Baker, 152 La. 257, 92 So. 889; State v. Brackins, 152 La. 445, 93 So. 582; State v. Copola, 157 La. 98, 102 So. 82; and State v. Eddins, 160 La. 902, 107 So. 616. See, also, People v. Griswold, 213 N. Y. 92, 106 N. E. 929, L. R. A. 1915D, 538, where it was held that the accused had no right to attack the constitutionality of the statute which he was accused of having violated, on the ground that it provided for an appropriation of the fines different from the appropriation provided for in the Constitution.
 

 The contention that the statute permits a judge or committing magistrate to issue a search warrant without “probable cause,” in violation of the constitutional inhibition against issuing warrants without
 
 *993
 
 probable cause, was answered in State v. Doremus, 137 La. 266, 68 So. 605, and in State v. Nejin, 140 La. 793, 74 So. 103, in both of which cases it was held that the provisions of the third section of Act No. 8, Extra Sess. of 1915, which were very similar to the provisions of the fifth section of Act No. 39, Extra Sess. of 1921, were not violative of the Fourth. Amendment of the Constitution of the United States, or of article 7 (now section 7 of article 1) of the Constitution of Louisiana. Section 5 of Act No. 39, Extra Sess. of 1921 is imperfect in that it does not, like section 3 of Act No. 8, Extra Sess. of 1915, limit the time in which the officer must make return on a search warrant; but there is nothing to forbid the judge to put a brief time limit in the warrant itself. It would be abominable to give an officer of the law an everlasting warrant to search a private residence whenever the officer might see fit. By Act No. 8, Extra Sess. of 1915, any officer to whom a search warrant was directed was required to make his return thereon within 24 hours after the warrant was issued. Some such restriction should have been made in section 5 of Act No. 39, Extra Sess. of 1921, but the omission does not make the statute unconstitutional. The constitutional inhibition against the issuance of search warrants without probable cause does not undertake to command the lawmaker to establish a definition or formula for determining what shall be “probable cause.” It merely forbids the lawmaker to authorize the issuing of search warrants except upon probable cause. As to what is probable cause, in a given ease, is left, largely and necessarily, to the judgment and discretion of the judge or magistrate having authority to issue the warrant. It is argued by the learned counsel for the appellant that section 5 of Act No. 39, Extra Sess. of 1921, is defective also in 'that it purports to authorize the issuance of a warrant to search a private residence on the affidavit of two reliable persons reciting merely “that they have reason to believe and do believe” that the residence is being used as a cloak or cover for violation of the act. The provisions of the section go further, however, and require that the affiants shall state specifically the violation that is being committed in the place to be searched, and that the affidavits shall be supported by such additional and corroborating evidence as the judge may, in his discretion, require to establish the probable existence of the alleged violation of the law. The statute does not contemplate that the affiants, in such cases, shall perform the function of judging and determining what is “probable cause,” but requires that the affiants shall swear to the facts and let the judge or magistrate determine whether there is “probable entuse” for the issuance of a warrant.
 

 With regard to the defendant’s objections to the admissibility of the evidence that was procured by the search of his premises and the seizure of his contraband outfit and materials, it is sufficient to say that, even if the search and seizure had been unlawful— which was not the case — the illegality of the search and seizure would not have affected the admissibility of the evidence procured in that way. City of Shreveport v. Marx, 148 La. 31, 86 So. 602; State v. Fleckinger, 152 La. 337, 93 So. 115; State v. Zeblit, 152 La. 594, 93 So. 912; State v. Mims, 153 La. 9, 95 So. 264; State v. Lowry, 153 La. 178, 95 So. 596; State v. Davis, 154 La. 405, 97 So. 590; State v. Eddins, ante, p. 240, 108 So. 468, No. 27676; State v. Long, ante, p. 250, 108 So. 471, No. 27694.
 

 The only bill of exceptions remaining to be considered was reserved to a ruling in which the judge refused a request of the defendant’s attorney, made during the progress of the trial, that he be granted a delay of 30 minutes in order to find certain witnesses who were supposed to have driven into
 
 *995
 
 town in an automobile, from Mississippi, during the trial, and by whom he expected to prove an alibi. He did not give the names of the witnesses or give assurance that the witnesses would be forthcoming within the 30 minutes, or within a reasonable time; and no showing was made afterwards, in the motion for a new trial, or otherwise, that the witnesses would have proven the alibi, or Would have appeared at all as witnesses in the case, if the'request for the delay had been granted. There is no showing, therefore, that the judge abused his discretion in refusing to grant the delay.
 

 The verdict and sentence are affirmed.
 

 ST. PAUL, ROGERS, and BRUNOT, JJ., concur in the decree.