BRUNOT, Justice.
 

 The defendant was charged, in an information filed by the district attorney, with feloniously and unlawfully having in his possession and under his control a narcotic drug, in violation of Act No. 14 of the Second Extra Session of 1934. He was tried, convicted, and sentenced for that offense, and he appealed from the verdict and sentence.
 

 There are twelve bills of exception in the record, but counsel for defendant relies only upon Bills Nos. 2, 8, 9, 10, and 11. We think it advisable, however, to follow our usual custom and consider all of the bills in their numerical order.
 

 Bill No. 1.
 

 This bill was reserved to the overruling of a motion for a bill of particulars. A mere reading of the judge’s per curiam to the bill discloses that the ruling complained of is correct. We quote from the per curiam the following:
 

 “Counsel for the defendant represented to the court that his purpose in filing a motion for a bill of particulars was to secure the information that the residence of the defendant was searched and the narcotic in question seized without a search warrant. It was admitted by the assistant district attorney, representing the state,'that no search warrant was sought or issued in this case, and that the search and seizure in question was made by the officers of the United States government and the police without a search warrant.
 

 “The assistant district attorney further informed counsel for the defendant that approximately three thousand grains of heroin was seized from the residence of the defendant without a search warrant, on the date alleged in the information. * * *
 

 
 *913
 
 “The purpose of the bill of particulars was simply to secure information upon which to predicate a motion to quash and to raise the question of the admissibility of evidence procured from a residence without a search warrant.”
 

 The case of State v. Robertson, 158 La. 300, 302, 103 So. 821, supports the ruling.
 

 Bill No. 2.
 

 This bill was reserved to the overruling of a motion to suppress evidence procured by officers while searching defendant’s residence without a search warrant. The per curiam to the bill is as follows:
 

 “The court overruled the appellant’s motion to suppress the evidence because said evidence was seized without a search warrant, for the reason that the jurisprudence of this state is that relevant evidence, although seized without a search warrant, is none the less admissible in evidence.”
 

 •The correctness of this ruling is settled beyond any question by the following cases: City of Shreveport v. Marx, 148 La. 31, 86 So. 602; State v. Fleckinger, 152 La. 337, 93 So. 115; State v. Zeblit, 152 La. 594, 93 So. 912; State v. Mims, 153 La. 9, 95 So. 264; State v. Lowry, 153 La. 177, 178, 95 So. 596; State v. Davis, 154 La. 405, 97 So. 590; State v. Eddins, 161 La. 240, 108 So. 468.
 

 Bills Nos. 3, 4, and 5.
 

 These bills were reserved to the overruling of objections to the admissibility of certain testimony, largely, if not wholly, circumstantial. The court admitted the testimony, but instructed the jury with reference thereto. The court’s per curiam to the bills is as follows:
 

 “The officers 'Arho searched the dwelling of the defendant, Alvarez, had several hours before seen one Silverio Argis come from a common alley which served as an entrance' and exit from the premises of Alvarez and other adjoining premises, and upon his arrest the said Argis was found in possession of heroin.
 

 “The government agents also testified that a woman informer in their employ had entered and left the same alleyway. Suspecting therefore that narcotics were kept in the premises of Alvarez, they entered said premises and on top of a kitchen safe in the kitchen of the home of Alvarez there was a row of cans containing sugar, coffee and other food stuff, and in one of these cans which presented the appearance of containing some food stuff the officers found the three thousand and odd grains of heroin in question.
 

 “The officers also found an empty can of sugar of milk, certain coloring matter and an apothecary scale which, of course, could be used, if it was not actually used, to weigh the portion of the drug which was placed in capsules for .retail. Alvarez lived in these premises which consisted of a bedroom, a hallway, and a kitchen, with his wife and young baby.
 

 “One of the government agents, who is also a qualified pharmacist, and in addition, is a man of extensive experience
 
 *915
 
 in narcotic investigations and arrests, testified that narcotic peddlers used sugar of milk to dilute heroin and increase the quantity of heroin, and consequently increase their profits; that they used sugar of milk because it was soluble in water and could be injected in the human body without harm.
 

 “Alvarez, through his witness, Argis, made the defense that the narcotic drug and the coloring matter and the apothecary scale were in his kitchen without his knowledge, having been placed there that day by Argis, in his absence and the absence of his wife, that the sugar of milk was a preparation for feeding infants and the sugar of milk in question was used by his wife for feeding her baby.
 

 “It was therefore a question for the jury to determine whether the narcotics which were found in the can, under the circumstances just stated, and the apothecary scale, were in the kitchen of the defendant with his knowledge, and the Court in admitting in evidence the narcotic and the scale, and the sugar of milk, and the coloring matter, instructed the jury that it was for them to determine whether these articles were in the home of Alvarez with his knowledge and his consent.”
 

 As far back as 1851, this court, in the case of State v. Bradley, 6 La. Ann. 554, page 559, said:
 

 “We think, the district court' did right in leaning to the admissibility of the circumstantial evidence offered, leaving the objections to it to go to its effect, giving such directions to the jury as the nature of the case required.”
 

 The quotation from the Bradley Case has become the accepted rule in this state.
 

 Bill No. 6.
 

 This bill was reserved to the overruling of an objection to the testimony offered by the state to prove that the officers, in their search, found $100 in defendant’s residence and $70 on his person, but found only 30 cents on the person of defendant’s brother-in-law. The testimony was offered as a circumstance tending to support the state’s theory that the defendant had the possession and control of the drug, and that his brother-in-law was merely a narcotic peddler in his employ. The substance of the per curiam is that the evidence was admitted, as a circumstance, to.be considered or disregarded by the jury as it impressed them. There was no objection to any part of the judge’s charge to the jury; neither does it appear that any special charge was requested. Having found supra that objections to circumstantial evidence are addressed to the effect rather than to the admissibility of the evidence, we find no error in the ruling complained of.
 

 Bill No. 7.
 

 We think the per curiam to this bill disposes of it without further comment. The judge says:
 

 
 *917
 
 “Bill of exception No. 7 was taken to the ruling of the court permitting a state witness, who was an expert in such matters, to testify how many capsules of diluted heroin could be made from the quantity of heroin seized, when mixed with the sugar of milk found in the premises. This evidence was relevant to the issue.”
 

 Bill No. 8.
 

 This is one of the bills the defendant relies upon. It grew out of the following incident: Argis, the defendant’s brother-in-law, was sworn as a witness for the defendant. He assumed full responsibility for the possession and control of the heroin, and for placing it in the defendant’s residence. He further testified that he mixed heroin with phenacetin before selling the drug to his customers. After testimony for the defendant was closed, an expert in narcotic drugs was called in rebuttal, when the following occurred:
 

 “Q. Would it be possible to mix phenacetin with heroin so that it could be placed in a hypodermic needle and injected into a person without injury?”
 

 Counsel for the defendant objected to the question and the judge maintained the objection.
 

 “Q. Is phenacetin valuable in connection with heroin? A. No sir; it would not mix and would not be drawn up to balance and it would be utterly impossible to use it in the sale of drugs.”
 

 Counsel for the defendant objected to the testimony on the ground that it was not rebuttal evidence. The objection was maintained, and the jury was instructed to disregard the evidence; but notwithstanding the ruling and instructions to the jury, the defendant reserved this bill. The facts appear on page 81 of the transcript. It is our opinion that the testimony tended to rebut the statement of Argis, that he mixed phenacetin with heroin before offering the drug for sale to his customers. The judge, however, in the abundance of precaution, ruled otherwise, and he promptly instructed the jury to disregard the objectionable testimony. It is well settled in the jurisprudence of this state that error and injury must be shown to justify the reversal of a verdict.
 

 Bill No. 9.
 

 The attorney for the state in the course of his argument to the jury, made á statement to that body which was objected to by counsel for the defendant. The objection was overruled and this bill was reserved to the ruling. The court’s per curiam disposes of the bill. It is as follows:
 

 “Bill of exception No. 9 was taken under the following circumstances: During his argument to the jury, counsel for the state stated to the jury that it was not necessary under the law that a search warrant should issue, which statement was correct in so far as the issue involved in the case, because the absence of the
 
 *919
 
 search warrant could not affect the admissibility of the evidence, and the matter of a search warrant was a law question for the court which the court had passed on before the trial of the case.
 

 “Counsel for the defendant objected to the said statement and the court overruled the objection, for the reason just given.”
 

 There is some difference between the exact words the bill of exception alleges the state’s attorney used and the words the judge says he used. Under the circumstances the judge’s statement must be accepted as correct.
 

 Bills Nos.- 10 and 11.
 

 The defendant’s bill No. 10 has the above two numbers. It is an anomaly. It is given two numbers presumably for the purpose of bringing to this court for review not only the overruling of the defendant’s motion for a new trial, but the refusal of the judge to consider a motion for a new trial nunc pro tunc which was filed in his court four days after he had granted the defendant an appeal to this court. Manifestly this was after the lower court had lost jurisdiction of the case.
 

 We' find that the motion for a new trial is based upon the alleged errors of the court which we have considered and found to be without merit in disposing of defendant’s bills supra. We also find that the judge correctly refused to consider defendant’s motion for a new trial nunc pro tunc which was filed after defendant’s motion for an appeal had been granted and entered in the court minutes.
 

 For the reasons assigned the verdict and sentence appealed from are affirmed.
 

 ROGERS, J., dissents' from rulings on bills Nos. 2 and 9.