FOURNET, Justice.
The defendant, Milton Shotts, having been charged in a bill of information under Act 14 of the Second Extra Session of 1934, as amended by Act 6 of 1944, with the unlawful possession of 34 marijuana cirgarettes, is appealing from his conviction and sentence thereunder to serve 20 months at hard labor, relying for the reversal thereof on three errors allegedly committed during the course of his trial, to which timely objections were made and the proper bills of exceptions reserved, the first when the trial judge permitted the state to introduce in evidence the 34 marijuana cigarettes forming the basis of its case against the defendant and the second *901 and third respectively when the trial judge -overruled the defendant’s motions for a new trial and in arrest of judgment.
The defendant’s contention is that the cigarettes were not admissible in evidence because (1) they were seized without a search warrant during a raid on his room when he was out of town, in contravention of Section 7 of Article I of the Louisiana Constitution of 1921 and of the Fourth and Fifth amendments to the Constitution of the United States; (2) they were not deposited with the property clerk of the criminal district court, in accordance with the provisions of Article 615 of Dart’s Code of Criminal Law and Procedure, 1943 Edition Rev.St. § 1015, as amended by Act 45 of 1886; and (3) at the time they were offered in evidence, the witness had not been qualified as an expert and had not testified that the package contained marijuana cigarettes.
There is no merit to the first point urged in this bill for the jurisprudence of this state is replete with decisions holding that relevant evidence, although seized without a search warrant, is, nonetheless, admissible in evidence. City of Shreveport v. Marx, 148 La. 31, 86 So. 602; State v. Fleckinger, 152 La. 337, 93 So. 115; State v. Mims, 153 La. 9, 95 So. 264; State v. Lowry, 153 La. 177, 95 So. 596; State v. Davis, 154 La. 405, 97 So. 590; State v. Eddins, 161 La. 240, 108 So. 468; and State v. Alvarez, 182 La. 908, 162 So. 725. And it is immaterial whether the state, in adopting the act sought to be enforced, trekked the so-called uniform narcotics law, for so long as the case is being tried in the courts of this state, this rule of evidence obtains.
The second objection is likewise without merit for this court, in the case of State v. Green, 160 La. 79, 106 So. 701, 703, held that the provisions of Section 1015 of the Revised Statutes of 1870, as amended by Act 45 of 1886 (Article 615 of Dart’s Code of Criminal Law and Procedure, 1943 Edition), requiring justices of the peace throughout the state and recorders in the city of New Orleans to deliver to the property clerks of the courts (in the city of New Orleans the clerk of the criminal district court) “the money, goods or other chattels stolen, the weapons used, the bills or obligations forged, or any other property or piece of evidence that may be used on the trial,” and making it the duty of such clerks “to receive and keep the same in safe and sure custody, subject to the order of the court, taking care to preserve the identity of the same,” does not preclude the admission of such articles in evidence when they are not delivered to and kept by such clerks if the objects offered can be properly identified and are relevant.
While the trial judge does not traverse the facts stated as the basis for the third point, not having favored us with- a per curiam to this bill, all of the evidence taken in connection therewith is in the record and it shows that at the time the objection was made the witness had already testified without objection with reference to the chemical analysis he had made of the cigarettes, classified by him as marijuana, and while the witness had not *903 been technically qualified as an expert up to that time, immediately after the judge overruled the defendant’s objection, the witness did testify as to his qualifications as a chemist without any further objection on the part of the defendant, and, following such qualification, this evidence was re-introduced, at which time the defendant re-urged his objection to its introduction. Under these circumstances the objection was without merit.
Inasmuch as the second and third bills of exceptions contain similar issues and were treated together indiscriminately both in oral and written argument, they will be so discussed here.
In addition to the bill just disposed of adversely to defendant’s contention, it is contended in these two bills that the act under which the defendant was convicted was repealed by Act 43 of 1942, was made inoperative by Act 46 of 1942, and is unconstitutional because the body of the act is broader than its title, nothing in the title indicating that the mere possession of drugs constitutes a crime.
Act 14 of 1934, 2d Ex.Sess., as amended, is not specifically repealed by Act 43 of 1942, the act creating the Louisiana Criminal Code, and inasmuch as Section 4 of Article 142 of that act specifically declares that laws or statutes not repugnant to the code and not specifically retained therein are recognized as continuing in force, there is no merit to the contention that the act sought to be enforced was repealed by Act 43 of 1942, particularly when counsel fail to point to any provision thereof impliedly repealing the same.
Counsel argue that since Act 14 of 1934 2d Ex.Sess., provides for an indeterminate sentence because in Section -20 it fixes the penalty at not less than 20 months nor more than 5 years at hard labor and Act 46 of 1942, amending and reenacting Article 529 of the Code of Criminal Procedure, makes it the mandatory duty of the trial judge to impose a determinate sentence “Whenever any person is sentenced to imprisonment, after having been found guilty of a crime * * the act is unconstitutional because a double penalty is provided for the same offense.
Counsel are in error in their deductions. While Section 20 of the act fixes- the minimum and maximum penalty, empowering the judge in his discretion to impose a penalty within those limits, there is nothing in the act to indicate that an indeterminate sentence is to be imposed. That was specifically provided for in Article 529 of the Code of Criminal Procedure, which article was amended and re-enacted by Act 46 of 1942 to provide for a determinate sentence, and is purely procedural law.
. [6] The identical issue on which counsel’s other attack on the constitutionality of Act 14 -of 1934, 2d Ex.Sess., is based (that the body of the act is broader than its title because no reference is made in the title to the fact that mere possession of a narcotic constitutes a crime) was raised in the case of State v. Martin, 192 La. 704, 189 So. 109, 111, and there decided adversely to defendant’s contention, the court holding “that that part of Section 2 making it '* * * unlawful for any person to * * * possess * ' * * any narcotic drug, except as authorized in this *905 Act * * *’ is embraced in and by necessary implication indicated in the title of the act * *
Of course counsel’s argument that it was not proved beyond a reasonable doubt that the 34 cigarettes seized in defendant’s room were a product of the plant known as the marijuana plant (known technically as Cannibis Indica or Cannibis Sativa) presents a question of fact that, under the basic law of this state, is a matter exclusively within the province of the jury, this court having no appellate jurisdiction there-over.
For the reasons assigned, the conviction and sentence appealed from are affirmed.
HIGGINS, J., takes no part.