ROGERS, Justice
(concurring).
There are two lines of jurisprudence in this country governing the admission, in a criminal prosecution, of evidence unconstitutionally obtained. The federal jurisprudence is that such evidence is inadmissible and there are a large number of the states whose jurisprudence is in line with that of the federal courts. On the other hand, the jurisprudence of many, perhaps a majority, of the states is that such evidence is admissible. Louisiana is among the states adhering to the latter rule, as is pointed out in the majority opinion in this case. Two of the cases referred to in the opinion in which the rule was announced and applied are State v. Eddins, 161 La. 240, 108 So. 468 and State v. Alvarez, 182 La. 908, 162 So. 725. I dissented in -both cases because, in my opinion, the federal jurisprudence and the jurisprudence of the states in accord therewith, to the effect that evidence illegally obtained is not admissible in a criminal prosecution, is correct, and that a rule of evidence should not be allowed for any technical reason to prevail over constitutional rights. Since, however, it appears the rule that evidence, although unconstitutionally obtained, may be used against any person accused of a criminal offense is firmly imbedded in the jurisprudence of this state, I have concluded that regardless of my personal views on the question I should now follow what has been repeatedly adjudicated.
I, therefore, concur in the opinion and decree in this case.